THE BANK OF STATESVILLE v. JAMES H. FOOTE and another.

*Practice—Vacation of Judgment—Discretionary Power.*

The action of the Court below, upon an application for relief under C. C-P. § 133, is not reviewable. unless it plainly appears that the legal discretion vested in the Court has been abused.

MOTION to set aside a Judgment heard at Chambers in Statesville on the 10th of July, 1876, before *Furches, J.*

The judgment which the defendants seek to vacate was rendered against James H. Foote and his co-defendant, C. L. Cook, at Fall Term, 1875, of Iredell Superior Court, upon a note made by Cook as principal and Foote as surety.

The material facts are as follows: The Sheriff went to Foote's house to serve the summons in the original action, and Foote being absent, he left a written notice to be delivered to him on his return. This notice was not a copy of the summons issued by the Clerk, but the Sheriff afterwards delivered a copy of the summons to Foote, and remarked, that he should have left the summons instead of the notice at his house. Foote replied, that he had the notice, and said, if there was anything wrong in his (Sheriff's) return, he would waive it. After this service upon Foote, he wrote to his co-defendant, Cook, reminding him of his promises—that he should not be troubled about the debt—and informing

him that he would not go to Court, but for him, (Cook) to attend to the matter, and not let judgment be taken against him. Thereupon Cook employed an attorney who prepared a joint answer for the defendants. After the answer was written, Cook agreed with the plaintiff Bank not to file it, and let judgment be taken, the Bank agreeing that no execution should issue until Spring Term, 1876, and giving defendants the opportunity of paying the debt by installments.

Upon these facts, His Honor refused to set aside the judgment, but reformed the same by reducing the interest to 8 per cent per annum, (see *Simonton* v. *Lanier*, 71 N. C. 498), and the defendants appealed.

No counsel for plaintiff.
*Mr. R. F. Armfield*, for defendants.

BYNUM, J. The application for relief under the provisions of C. C. P. § 133, is addressed to the discretion of the Judge presiding below. His action is not the subject of review here unless it plainly appears that he has abused the legal discretion vested in him. Nothing of the kind is shown in this case. The affidavit of the defendant Foote is not sustained by the facts as found by the Court. On the contrary it appears that Foote accepted the service of the summons and waived all irregularities in the service and acted accordingly. It is true he did not appear and defend at the return term, but he knew and acted upon the fact that it was necessary and required, for he had an interview with his co-defendant in which he left the management of the case to Cook. It does not appear that either Cook or Foote had a meritorious defence to the action; therefore Cook made the best terms he could with the plaintiff, and allowed judgment to be taken upon certain terms of indulgence in enforcing its collection. He doubtless deemed that the most prudent and beneficial course in the interest of

himself and his co-defendant. The only defence Foote now alleges to a recovery is usury. But that is certainly not a meritorious defence and is deprived of all significance by the action of the Judge who reformed the judgment by striking from it all the interest which was alleged to be usurious. That the principal money was borrowed of the plaintiff is not denied, and all that the judgment has been rendered for is the debt with legal interest. Foote had the right to appear at the return term and put in the plea of usury and make the plaintiff take the consequence of his making the plea good upon the trial. Instead of this, he entrusted the case to an agent, his co defendant, without any instructions as to the defence. The agent acted within the scope of his powers; and even had he not done so, the defendant Foote must have shown some injury he has received or some meritorious defence of which he has been deprived. He has not alleged either.

There is no error.

PER CURIAM. Judgment affirmed.