F. W. KERCHNER v. MARCUS A. BAKER.

*Excusable Negligence under section* 133.

1. A party seeking to vacate a judgment under section 133 of the code is always at default, and the *onus* is upon him to show facts which would make the refusal to vacate appear to be an abuse of discretion.

2. Defendant resident in Fayetteville was sued in the superior court of New Hanover in 1870 and filed an answer by attorney who also lived in Fayetteville, but did not practice in the courts of Wilmington; in 1874 an understanding was had between the counsel of the parties that no further step would be taken without notice ; in 1877 the plaintiff's attorney died, and he employed other counsel and recovered judgment in 1879 ; the plaintiff or his counsel did not know of the arrangement made by his former attorney, and no notice was given pursuant thereto, nor did the defendant make any inquiry about the case ; *Held*, on a motion to set aside the judgment, that the negligence is inexcusable and defendant entitled to no relief.

(*Sluder* v. *Rollins*, 76 N. C., 271; *Bank* v. *Foote*, 77 N. C., 131, cited and approved.)

MOTION to set aside a Judgment heard at Fall Term, 1879, of NEW HANOVER Superior Court, before *Eure, J.*

The court refused to grant the motion and the defendant appealed.

*Mr. D. J. Devane,* for plaintiff.
*Mr. B. Fuller,* for defendant.

DILLARD, J.  This is an appeal from the judgment of the superior court refusing the motion of defendant to set aside a judgment on the ground of excusable neglect under section 133 of the code, and the material facts found by His Honor are these :

The plaintiff through the late Adam Empie as his counsel sued the defendant residing in Fayetteville to spring term, 1870, of New Hanover superior court, and at the return term complaint was filed and the names of attorneys residing in Fayetteville were entered on the docket as counsel for defendant, and an answer was filed for him.   The attorneys marked for defendant did not practice in the court of New Hanover and were not in attendance at any court up to and including the term at which judgment was obtained, but their names were kept up on the trial docket the whole time.

Mr. Empie was the only counsel of plaintiff and acted as such until his death on the 10th of July, 1877, and soon thereafter D. J. Devane was retained as counsel to the plaintiff and his name was marked as such on the docket, and he continued to represent plaintiff until judgment was obtained at June term, 1879.

His Honor further finds that in 1873 or 1874, it was understood and agreed between Adam Empie the counsel of the plaintiff and the defendant's counsel that he, Empie, would take no further steps in the cause, and no further proceedings should be taken without notice to them, and of this arrangement the defendant was informed through his counsel, but the plaintiff knew nothing of, nor had ever authorized such an arrangement; and both he and Mr. Devane the counsel retained at the death of Empie were ignorant of any claim of such arrangement on the part of defendant until after judgment.   No notice was ever given by plaintiff or Empie before his death, nor by plaintiff or Devane since he became counsel, of an intention to proceed in the cause,

and neither the defendant nor his counsel had any knowledge of the trial until after judgment was taken.

Upon the facts found His Honor was of opinion that the neglect of defendant was not excusable, and he overruled defendant's motion to set aside judgment, and we concur in his conclusion.

Every person against whom a suit is brought ought to come into court and be attendant at its terms throughout the litigation, by an attorney at law for the performance of matters peculiarly within his sphere, and in person or by an attorney in fact, so as to look after and follow up his defence, and to do and have done all things pertaining to him personally in the course of the proceedings. If he fail to do so, it is negligence and concludes him in any judgment that may be entered against him unless he shall be able, as allowed by section 133 of the code, to be relieved by facts sufficient in law to excuse his neglect. In all applications to vacate judgments under this section the party is always at default, and the burden is on him, and he must show facts not barely sufficient in law to excuse the neglect, but so clearly sufficient as to call for the exercise of the discretion of the judge and to make the refusal to vacate appear to be an abuse of his discretion. *Sluder* v. *Rollins,* ·76 N. C., 271 ; *Bank* v. *Foote,* 77 N. C., 131.

In this view of the liberty to have the judgment set aside in the exercise of the judge's discretion, and of facts to be shown by defendant to induce a favorable exercise of that discretion, how stands the case with the defendant ? He appeared at spring term, 1870, and put in a general denial to the complaint, by counsel entered on the docket, resident like himself in Fayetteville, and who did not practice in the courts of Wilmington, and an understanding was had through his counsel with Mr. Empie, plaintiff's counsel, that no proceedings would be taken in the action without notice, and according to this arrangement no step was taken

in the cause until after the death of Mr. Empie, which occurred in July, 1877. Defendant admits, and it is found as a fact, that he knew of this arrangement with Empie, and Empie's death being known to him as we must assume to be the fact, (inasmuch as it lay on him to show forth matters in excuse of his neglect) and he does not deny it, it then concerned the defendant, as a matter of interest to himself, as well as in the orderly conduct of the action according to the course of the court, in person or otherwise to inquire and know whether the arrangement with Empie would be continued and carried out. But he gave no attendance at the terms of the court and made no enquiry of the plaintiff or Mr. Devane retained as counsel in place of Mr. Empie, as to the progress that would be made, until after the rendition of judgment in June, 1879, which occurred nearly two years after Empie's death.

Was such omission on the part of the defendant prudent? Would not a man of ordinary care in his defence, if he had merits, have looked into the matter on the death of Empie and not relied on an arrangement made with him through a period of two years without any attention whatever to the case? Such a course was not the care of an ordinarily prudent man in reference to his own personal interests, nor was it consistent with a proper deference and attention due from defendant and every suitor to the known and orderly course and practice of the courts in the administration of the law. The court say in the case of *Sluder* v. *Rollins, supra,* that the least that can be expected of a person having a suit in court is that he shall give it that amount of attention which a man of ordinary prudence usually gives to his important business, and applying this rule as we have done above, the facts shown forth by the defendant not only do not excuse the neglect of the defendant but leave it confirmed and strengthened.

The facts of the case failing to show any abuse of His

Honor's discretion in refusing to vacate the judgment on the defendant's motion, the judgment is affirmed and this will be certified.

No error.                                                    Affirmed.