W. L. CHURCHILL v. BROOKLYN LIFE INSURANCE COMPANY.

*Vacation of Judgment—Section* 133—*Power of Court over its judgment.*

1. A party is guilty of inexcusable neglect, and is not entitled to relief against a judgment rendered against him, where it appears that a summons was regularly served, and he paid no attention to the case either in person or by attorney, even although he supposed he was not required by the law to answer the complaint until served with a copy.

2. The court has the power to modify a final judgment, and make it one by default and inquiry.

(*Dick* v. *McLaurin,* 63 N. C., 185; *Dick* v. *Dickson, Ib.,* 488; *Kerchner* v. *Baker,* 82 N. C., 169; *English* v. *English,* 87 N. C., 497; *Henry* v. *Clayton,* and cases cited, 85 N. C., 371, approved).

MOTION to set aside a judgment heard at Fall Term, 1882, of GREENE Superior Court, before *MacRae, J.*

An action was brought by the plaintiff against the defendant company, a corporation duly organized under the laws of the state of New York, and the summons, returnable to fall term, 1882, was regularly served on June 28, 1882, upon W. W. Smith, the company's general agent in this state, and the person upon whom service of process may be made under the act of 1877, ch. 157, § 3.

At fall term, on the first Monday in October, 1882, the plaintiff filed his complaint, in which he alleged that on April 29, 1871, he obtained a life policy from the defendant for fifteen hundred dollars, and was to pay therefor, by the stipulations of said policy, a semi-annual premium of $15.96 during the lifetime of the plaintiff; that he has regularly made such semi-annual payments until the 29th day of April, 1882, inclusive, making in all twenty-two payments, and amounting to the sum of $350.12, and that the same were made to said general agent; that about the 28th of April, 1882, he paid to said agent the semi-annual premium due on the day following, who acknowledged its receipt, but wrote that he did not have the renewal receipt of the plaintiff, but had written to the company for it, and would forward it as soon as received; that on the 5th of May, 1882, said agent wrote to the plaintiff informing him that the company had written to him (Smith) that it had notified the plaintiff to pay his premium at the "Home Office" in New York, and had returned to him (Smith) the sum of $15.96, the amount of premium due on the 29th of April, saying that the said agent was not authorized to receive it. The plaintiff further alleged that no such notification from the company was received by him prior to said 29th of April, that the premium must be paid at the Home Office; but as soon as the notification came to him, to-wit, on the 15th of May, 1882, he remitted to the company, at the Home Office, the premium due on the said 29th of April, and the defendant, declining to accept the same,

returned the amount to the plaintiff and refused to renew the policy, until the company had specific and satisfactory information of the habits of the plaintiff. Whereupon the plaintiff demands judgment for the amount of the premiums which he had paid.

The defendant failed to answer the complaint at said fall term, and judgment by default was rendered in favor of the plaintiff. Between that and the next term, the defendant moved to set aside the judgment on the ground of excusable neglect under section 133 of the Code, and the excuse given was, that immediately after the service of summons on Smith, the general agent, the defendant wrote to him that as soon as he received the complaint to send it to the defendant and further instructions would then be given—supposing that, as in New York, a copy of the complaint would have to be served, before the defendant would be required to answer, and no such copy having been served, it concluded that no judgment could be taken.

His Honor, being of the opinion that the negligence was inexcusable, refused to allow the motion; but considering the final judgment to be irregular, he modified it so as to make it a judgment by default and inquiry, and the defendant appealed.

*Mr. W. C. Munroe,* for plaintiff.
*Messrs. Strong & Smedes* and *Walter Clark,* for defendant.

ASHE, J., after stating the case. This the court had the power to do. *Dick* v. *McLaurin,* 63 N. C., 185; *Dick* v. *Dickson, Ib.,* 488.

But then the question is raised whether the court erred in refusing to set aside the judgment altogether, upon the ground of excusable negligence.

A party seeking to vacate a judgment under section 133 of the Code, is always at default, and the *onus* is upon him to show facts which would make the refusal to vacate appear to be an abuse of discretion. *Kerchner* v. *Baker,* 82 N. C., 169. Here,

the summons was served upon the defendant's agent on the 28th of June, 1882, and at the return term, more than three months after the service, the defendant allowed judgment to be taken against it, relying upon what it supposed was the law in regard to the action, instead of directing the agent here to employ an attorney and get advice as to what was necessary to be done in the case. This is what every man, with ordinary diligence in his business matters, would have done under the circumstances. The defendant and its agent knew that the summons was return-able to the fall term of the court, more than three months after legal notice of the action, and no counsel was consulted in the *interim*, and neither of them attended the court, or paid any attention to the case. The neglect was inexcusable. It was the neglect of the party, and is distinguishable from those cases where the neglect is imputable to the attorney—as in *English* v. *English,* 87 N. C., 497, and cases there cited. The case falls within the principle decided in *Henry* v. *Clayton,* 85 N. C., 371; *Bradford* v. *Coit,* 77 N. C., 72; *Sluder* v. *Rollins,* 76 N. C., 271; *Waddell* v. *Wood,* 64 N. C., 624.

No error.                                    Affirmed.