CHARLES F. WARREN v. HARVEY & FOWLE.

## Excusable Neglect—Res Adjudicata.

1. His Honor in the court below refused to extend the time to file an answer, and signed a judgment, but stated that if an answer was filed before 12 o'clock at night of the last day of the term, he would strike out the judgment. An answer was filed before 12 o'clock but the judgment was not stricken out; *Held*, excusable neglect.

2. *Quære?* Whether a defendant has until this time to file an answer?

3. The refusal of the judge to extend the time to file an answer is not *res adjudicata* in this motion to set aside such judgment for excusable neglect.

(*Stell* v. *Barham*, 86 N. C., 727; *Simonton* v. *Lanier*, 71 N. C., 498; *Bank* v. *Foote*, 77 N. C., 131; *Hudgins* v. *White*, 65 N. C., 393; cited and approved).

WARREN *v.* HARVEY & FOWLE.

MOTION to set aside a judgment heard at Fall Term, 1884, of BEAUFORT Superior Court, before *Graves, Judge.*

On the 27th day of March, 1884, a summons was issued in this cause, which was duly served, and a verified complaint was filed.

On the last day of Spring Term, 1884, the cause was called upon the summons docket, and the plaintiff asked for judgment for want of an answer, and the defendant asked for further time to answer, which was refused. A judgment for want of an answer was thereupon handed to His Honor to be signed, when counsel for the defendant asked if an answer was filed before 12 o'clock at night, if the judgment would not be vacated. His Honor gave it as his opinion that it would, and verbally directed the clerk, upon the filing of a verified answer before 12 o'clock at night, to strike out the judgment. The judgment was signed and the court adjourned about dark of the same day.

At 10:30 o'clock, P. M., the defendant filed a properly verified answer. The judgment at this time was signed, but was not on the minutes and was not docketed, but subsequently it was docketed, and the plaintiff was proceeding under it.

After notice, the defendant moved to set this judgment aside, (1) because it was vacated by filing the answer before 12 o'clock; (2) because the answer having been filed before the hour fixed by the judge, as well as by law, there could be no judgment for want of an answer; and (3), because of excusable neglect.

His Honor refused to set aside the judgment, and the defendants appealed.

*Mr. George H. Brown, Jr.,* for the plaintiff.
*Mr. George A. Sparrow,* for the defendants.

SMITH, C. J. Here several grounds are assigned in support of the motion made by defendant, Harvey, to be relieved from the judgment by default rendered against him at a previous term.

1. That it was conditional and superseded by the answer afterwards filed;

2. That it is irregular; and

3. That it was the result of surprise and excusable neglect under *The Code,* §274.

The ruling of the Court is, that the facts do not constitute a case of excusable neglect, and that the denial of the application for an extension of the time for putting in an answer was an adjudication upon the matter involved in the present motion.

We propose to consider the correctness of the ruling in its interpretation of the provision of The Code, which, in this single feature, has been a prolific source of litigation, as is shown in the numerous cited cases appended to the section. It is impracticable to define in general terms and with greater accuracy, the scope and meaning of the words contained in the statute, *"surprise or excusable neglect,"* and especially the latter part, when referring to the rendition of a judgment, than the words themselves import. Hence, the necessity is imposed upon the Court of determining in each presented case, whether the circumstances attending it can amount to a surprise, or reasonably excuse the neglect, for some neglect is assumed, of the defendant in making opposition thereto.

The series of adjudged cases show the difficulty of running the separating line which distinguishes from others the class in which the interposition of the judge is authorized and a discretion reposed in him. While the rulings may not all seem to be in harmony with the essential purpose of the act, and perhaps not with each other, it is our duty in each case to decide upon the reasonableness of the excuse offered for the delinquency which has led to the adverse adjudication, and as far as possible to put our decision within the compass of some comprehensive proposition in furtherance of the objects of the enactment.

We have little hesitancy in placing the present application within the discretionary power committed to the Court, which the judge, holding the neglect not excusable, did not undertake to exercise.

When the judgment was prepared and handed to the judge for his signature after his refusal to enlarge the time for the answer, and on the last day of the term he was asked by defendants' counsel if the judgment would be vacated and stricken out provided a sworn answer was filed before midnight, and an opinion expressed by His Honor that such would be the effect, and in such case he directed the clerk to strike out said judgment and give notice thereof to the plaintiff and his counsel. The answer thus verified was put in at the hour of 10:30 the same night and the clerk gave the required notice. The judgment had not then been entered upon the docket.

It is manifest that the defendant relied upon this declaration and may have relaxed his efforts in consequence to put in his answer at an earlier hour. Even assuming it to have been an erroneous opinion as to the defendants' rights, was it unreasonable for him to have confided in a declaration proceeding from the judge, who was then passing upon the effect of his own act in signing the judgment, and can it be imputed as inexcusable neglect in the defendant upon such assurance to suspend the active efforts, which might otherwise have been used to put in his defence? Undoubtedly this was calculated to mislead, and indeed this action of the judge falls little short of giving this further time indicated, as he had the power to give it, and his belief that the law allowed the whole period up to the expiration of the term by limitation and that it was sufficient may have prevented the exercise of his discretion in giving it himself. In every aspect of the case, the defendants' delay thus brought about must be regarded as a neglect excusable and the entry of an absolute judgment a surprise. In *Stell* v. *Barham*, 86 N. C., 727, the defendant applied for leave to appeal without giving security, under the act of 1873-'74, chap. 60, (Code, sec. 552), and it was granted, the judge declaring it would be sufficient within twenty days thereafter for the necessary affidavit and certificate to be filed. The order was made on the last day of the term. The appeal was dismissed, because the order was made prematurely,

but, on application for a writ of *certiorari* as a substitute, this court, in reference to the effect of the erroneous order say: "As this ruling dispensed with the necessity of immediate efforts to procure the affidavit, even if it were practicable, during the last day of the term, when the cause was concluded, we think it a proper case in which to grant the writ." If the neglect to comply with the provisions of the law, thus misconceived by the presiding judge, was excusable and entitled the applicant to relief, is not a similar misleading opinion of the judge a sufficient excuse under the statutes for the defendants' neglect? We do not see any dissimilarity in the cases unfavorable to the present application. A misconstruction which takes away the authority to set aside the judgment so that the discretion conferred may not have been exercised, constitutes an error capable of review and correction by appeal. *Simonton* v. *Lanier*, 71 N. C., 498; *Bank* v. *Foote*, 77 N. C., 131, following *Hudgins* v. *White*, 65 N. C., 393.

Again, there is error in the ruling that the present motion had been before decided and the matter had become *res adjudicata*.

The former judge refused an extension of the time allowed by law for filing an answer, holding that the defendant had until 12 o'clock at night under the law to put it in. The denial was of a longer time. Within that time the answer was put in, and the present motion is to set aside a judgment which the judge supposed would be set aside by the act of filing before that hour. Surely the matter of the present application has not been passed on or at least passed on adversely to the defendant.

There was, therefore, error in the ruling that the facts do not show "*surprise or excusable neglect*" within the intent of the statute, and the application must be re-heard to the end that the reasonable discretion confided to the judge may be exercised in the premises upon the facts as they now appear before us.

Reversed.