BRYANT BROWN v. DAVID L. HALE.

*Discretion of Judge— Vacating Judgment—Negligence—Attorney and Client.*

Where, in an action to recover land, at the appearance term, an order was made allowing the defendant ninety days within which to file answer and bond, and no answer or bond was filed within that time, but at the trial term an answer and order allowing the defendant to defend without bond was found among the files, the Court adjudged that there was no answer, and gave judgment for the plaintiff, and at a subsequent term a motion was made to vacate the judgment, which was denied; *It was held,* 1. The rule that the failure of counsel to file pleadings in apt time will entitle the client to have relief on the ground of excusable neglect is not without exceptions ; and the fact that there existed among the members of the bar an understanding that leave to file pleadings after appearance term and during vacation, should extend to the next term, is not sufficient excusable neglect to authorize the Court to vacate the judgment and allow defendant to plead, particularly as no application was made at the trial term to be then allowed to file answer. 2. The exercise of the discretion conferred upon the Judge, to whom an application to vacate a judgment is made, by The Code, §274, cannot be reviewed on appeal.

(*Simonton* v. *Lanier,* 71 N. C., 498 ; *Bank* v. *Foote,* 77 N. C., 131 ; *Foley* v. *Blank,* 92 N. C., 476 ; *Kerchner* v. *Baker,* 82 N. C., 169 ; *Norwood* v. *King,* 86 N. C., 80, cited and approved).

Motion to set aside a JUDGMENT, heard before *Gudger, Judge,* at Fall Term, 1885, of PENDER Superior Court.

The action was brought to recover possession of land. In the Superior Court at the appearance term, the plaintiff filed his complaint. The defendant did not at that term file an answer, or otherwise plead, but the Court made an order, of which the following is a copy :

"By consent of counsel   *   *   *   *   it is ordered that the defendant be allowed ninety days to answer and file the bond as

of this term.  A copy of answer to be served on plaintiff's counsel."

No answer, however, was filed, nor any undertaking given, as allowed by that order within ninety days.

At the next succeeding term—the trial term—when the action was called for trial, an answer was found among the papers, and an order allowing the defendant to defend *in forma pauperis*. These papers "were put in the papers of the case by one of the counsel."

The Court decided that no answer had been filed, nor undertaking given, as allowed by the order mentioned, and that the plaintiff was entitled to a judgment for want of an answer, and gave judgment accordingly.  No appeal was taken from this judgment, the counsel, as the case states, relying on the right of the defendant to obtain relief by an application to set the judgment aside for excusable neglect, or inadvertence, &c.

At a subsequent term, within twelve months, the defendant moved to set the judgment aside because of "surprise, or excusable neglect," and assigned as ground of his motion that his counsel had failed to prepare and file his answer and the other papers within the time allowed, because "there had grown up among the members of the Wilmington Bar a liberal rule of practice by which, when leave was granted to file a pleading after the term and in vacation, it was understood that if the pleading was filed by the next succeeding term, it would be a substantial compliance with the order allowing time to file such pleading, and that counsel understood this liberal rule to apply also to the county of Pender," and accordingly, at the next succeeding term the answer had been lodged among the papers in the action.  The Court held that no sufficient cause had been shown, and denied the motion, whereupon the defendant excepted and appealed to this Court.

*Mr. Marsden Bellamy,* for the plaintiff.
No counsel for the defendant.

MERRIMON, J., (after stating the case as above). It appears that the defendant and his counsel were fully informed at the time the judgment was granted, as to the excuse for failing to file the answer within the time allowed by the order of the Court. The Court had authority to allow or refuse to allow it to be then filed. Application for leave to file it should then have been made; indeed, it seems that such application was made and the Court refused to grant it. If so, such refusal was conclusive, certainly, as the defendant failed to except and appeal. It does not appear very clearly in the record that such application was then made, but it should have been; if it was not then made such failure was negligence, that might have warranted the action of the Court in refusing the motion now under consideration. Parties to actions are required to be watchful and reasonably prompt and active in doing what they may be, or are required to do in and about them.

If the application for leave to file the answer was not made, as it ought to have been, at the time the judgment was given, and if it be granted that the present motion was properly entertained by the Court, and in some possible aspect of the facts, the Court might have properly set the judgment aside, it was in the discretion of the Judge to allow or deny it; and such exercise of his discretion is not reviewable here. The defendant was not entitled to have his motion allowed as of right, without regard as to whether he had been diligent or otherwise. It seems to us that there was evidence of neglect that might well have led the Court to deny the motion. If ordinarily, the neglect of counsel to file a pleading in apt time, may entitle the client to have relief on the ground of "surprise or excusable neglect" in that respect, it is not so in every case, and this case is exceptional. *Simonton* v. *Lanier*, 71 N. C., 498; *Bank* v. *Foote*, 77 N. C., 131; *Foley* v. *Blank*, 92 N. C., 476; *Kerchner* v. *Baker*, 82 N. C., 169; *Norwood* v. *King*, 86 N. C., 80.

There is no error, and the judgment must be affirmed.

No error.                                            Affirmed.