B. B. WINBORNE v. W. J. JOHNSON et al.

*Excusable Neglect—Mistake—Vacating Judgment.*

1. Upon an application to set aside a judgment for mistake, inadvertence, surprise ·or excusable neglect, the Court should specifically find the essential facts.

2. What is mistake, inadvertence, surprise or excusable mistake is a question of law, and this Court will, upon appeal, review an erroneous judgment thereon.

3. Where the Court has ascertained the facts, and exercised the discretion conferred by the statute—*The Code*, §274—by granting or refusing the relief sought, the Supreme Court will not review its action.

(*Branch* v. *Walker*, 92 N. C., 91; *Foley* v. *Blank*, Id., 476; and *Beck* v. *Bellamy*, 93 N. C., 129, cited and approved).

This was a MOTION to set aside a judgment, heard at February Term, 1885, of the Superior Court of BEAUFORT county, before *Gudger, Judge.*

Among other statements of facts sent up by the Judge below, are the following:

"The defendant W. J. Johnson, is a man of limited education. He alleges, by affidavit, that when the summons was served on him, 'he understood he was to attend at Washington, D. C., and was much annoyed and greatly confused, as well as astonished, on that account.' The deputy who served the summons, states in his affidavit, that he explained he was to attend this court, and told him he must go to Washington, N. C., to court. The defendant W. J. Johnson also alleges, in his affidavit, that he was sick at the time of Spring Term of this court. The plaintiff states, in his affidavit, that he saw him riding through the streets of Murfrees-

boro, in Hertford county, during the time the Spring Term of this court was going on.

Both sides offered testimony—there being much conflict.

The Court, after hearing argument upon the facts, adjudged :

That the judgment heretofore rendered at Spring Term, 1885, of this court, be vacated and set aside, and that proper writs of restitution issue to replace the defendants in possession of the land, and that this cause be removed to the county of Northampton, when and where the defendants are allowed to defend said action as they may be advised and as the law will permit."

From this order the plaintiff appealed.

*Mr. John Devereux, Jr.,* for the plaintiff.
No counsel for the defendant.

MERRIMON, J. (after stating the facts).   The statute, (The Code, §274), among other things provides, that the Judge "may also in his discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

What is such "mistake, inadvertence, surprise or excusable neglect," is a question of law arising upon the state of facts found in each particular case.   If the Court below errs in deciding this question, its decision in this respect may be reviewed, and any error corrected by this Court.   If there be no error, the order appealed from will be affirmed, but if the Court should decide that there is no such mistake, inadvertence, surprise or excusable neglect, and on that account refuse to grant relief, when it appears from the facts found that there is, or if it decides that there is, when in point of law there is not, then such error may be corrected here upon appeal.

But if there is mistake, inadvertence, surprise or excusable neglect, and the Court grants or refuses to grant the relief demanded, this Court cannot review, change, modify or interfere

with the exercise of the discretion of the Court in such respect, because, as to this, the statute prescribes that the Judge may, in "*his discretion,*" grant or refuse it. The reason of this statute is, that the Judge who hears the motion for relief, is better informed and qualified to see and appreciate all the facts and circumstances, and decide upon the propriety or impropriety of granting the relief demanded, than a Court of Errors. This discretion of the Judge is not an arbitrary, but a sound legal one, and relief ought to be granted or refused in the cases allowed by law, solely with a view to justice. It is not in every case of mistake, inadvertence, surprise or excusable neglect that relief should be granted. Whether it ought or ought not to be, must depend upon the facts and circumstances of each case. *Branch* v. *Walker,* 92 N. C., 91; *Foley* v. *Blank,* Id., 476; *Beck* v. *Bellamy,* 93 N. C., 129.

But no question can arise in the respects mentioned until the facts are ascertained. The Judge should always first find the facts on the motion for relief. This is peculiarly his province. This Court cannot find them, or review his findings of them, as has often been decided.

In this case, the Judge has failed to find the most material facts. In the case stated on appeal, he says the defendant is a man of limited education—that "he *alleges* by affidavit, that when the summons was served on him, he understood he was to attend at Washington, D. C., and was much annoyed and greatly confused, as well as astonished, on that account; * * * * that he was sick at the time of Spring Term of this Court," &c.

There was evidence going to show that the defendant was poor and ignorant, and the Court was held a long distance from where he lived. There was also evidence of the appellant and others, more or less in conflict with the evidence of the appellee. The facts are not found, and it does not appear how ignorant and confused the defendant was, or that he was misled, or that he was sick, or if he was sick how sick he was during the term of the Court, or

that he was so ill that he could not get to the Court, or send some one to make known his condition. The Judge should have found all the facts bearing upon his alleged grounds of excuse from all the evidence, much of it conflicting, produced by the appellee and appellant.

It is possible, though not probable, that a party might be so ignorant and confused, his surroundings so wretched, his knowledge of men and things, and of his duty so poor, as that he could not know that he ought to attend Court at a particular time and place.

He might be so sick for a time, longer or shorter, as to forget and not be sensible that a summons had been served upon him, and that he ought to attend Court in person or by counsel. These and like facts, in some cases, might give rise to mistake, inadvertence, surprise or excusable neglect. In order to determine whether this was so or not in this case, the facts ought to have been found by the Judge who heard the motion for relief.

He could not decide satisfactorily without such finding, nor can this Court review, and affirm or correct his decisions of questions of law, arising upon the facts.

It was suggested on the argument, that taking the whole of the evidence produced in support of the motion as true, there was no ground proven for the relief demanded. In a very plain case, perhaps we might feel at liberty to pursue the course thus indicated. But in this case, the evidence is considerable, and in some respects conflicting, and it is not our province to consider the evidence in all its aspects and bearings, and to draw proper inferences from it. We cannot venture to do so. Besides, the Judge who will hear the motion, might allow the parties to produce other evidence.

The case must be remanded, to the end and with directions, that the order setting aside the judgment shall be reversed, that the Judge proceed to find the facts, and take further action in the motion to set the judgment aside, according to law. *It is so ordered.*

Error.             4             Reversed.