F. H. STITH, Executor of N. L. STITH v. A. B. JONES, et al.

*Judgment of Non-suit—Motion to Set Aside—Excusable Neglect—Reference by Consent—Failure to Prosecute.*

1. The fact that a plaintiff may, when non-suited, bring a new action within a year does not prevent the judgment being set aside, like any other judgment, on the ground of excusable neglect, but to authorize the court to set aside such judgment excusable neglect must clearly appear.

2. Where, after the failure of the plaintiff for four and a half years to prosecute an action that had been referred by consent, a motion for non-suit was made during the first week of a term of court, and adjourned for hearing until the next week, it was inexcusable neglect in the plaintiff to give no attention to the matter, it not appearing that he or his counsel was prevented, by sickness or other cause, from so doing.

3. While it is ordinarily the rule that consent references cannot be set aside except by consent or by the death of the referee, yet the court retains jurisdiction of the action and may direct a non-suit for failure to prosecute it.

4. The failure of a plaintiff for four and a half years to prosecute an action which has been referred by consent authorizes the court to enter a non-suit for such neglect.

5. The discretionary power of the trial court to set aside a judgment duly rendered exists only where excusable neglect is shown ; and where a judgment setting aside the non-suit was not based on excusable neglect, but is stated to have been on the ground that the non-suit was "improvidently and erroneously adjudged," the action of the lower court in setting aside the judgment of non-suit will be reversed.

MOTION of plaintiff, heard at Fall Term, 1896, of DAVIDSON Superior Court, before *Greene, J.*, to set aside a judgment of non-suit entered at Fall Term, 1895, of said court. The motion was granted, and defendants appealed. The facts appear in the opinion of Associate Justice CLARK.

*Messrs. J. B. Batchelor* and *Robbins & Long*, for plaintiff.

*Mr. R. O. Burton*, for defendants (appellants).

CLARK, J.: This action was begun in 1886, and was referred by consent at March Term, 1889. The referee held two or three sittings, the last being in February, 1891. Thereafter the plaintiff took no further steps to procure a hearing or to have the report made, and at Fall Term, 1895, the cause being reached regularly on the docket, the defendant moved for judgment as of non-suit. This motion was continued over till the second week, when, the case being reached, the plaintiff was called, and not appearing by counsel or in person, judgment was entered as of non-suit. It is true that the plaintiff, after a non-suit, can bring a new action within a year, but we do not concur with appellant that therefore a judgment of non-suit cannot be set aside, like any other judgment, if there was excusable neglect, because a plaintiff in such cases might be unjustly mulcted in a large bill of costs or otherwise prejudiced when not in default. We think,

however, the facts in this case do not show excusable neg-
lect on the part of the plaintiff. The delay to prosecute
the case before the referee, or to take any steps to secure
a report, or give any attention whatsoever to the case from
February, 1891, till September, 1895, a period of more
than four years and a half, was inexcusable neglect.
When the case was reached the first week of the term,
and that state of facts appeared, his Honor might well
have adjudged that the plaintiff had failed to prosecute
his action. The case was continued over to the second
week, with the motion to non-suit still pending, and the
parties to an action pending in court are fixed with notice
of all motions therein made at term. *Coor* v. *Smith*, 107
N. C., 439; *Wilson* v. *Pearson*, 102 N. C., 290; *Spencer*
v. *Credle*, 102 N. C., 68; *Hemphill* v. *Moore*, 104 N. C.,
379; *Stancill* v. *Gay*, 92 N. C., 455; *University* v. *Las-
siter*, 83 N. C., 38; *Sparrow* v. *Davidson*, 77 N. C., 35.
When, therefore, the case was again regularly reached on
the second week, the plaintiff certainly should have shown
cause why the non-suit should not have been entered. It
was inexcusable neglect not to have shown that much
attention to the case, for the judge does not find that the
plaintiff or his counsel was sick or unable to attend.
Besides, upon the facts now shown by him, if the plaintiff
had been present he could not have successfully opposed
the non-suit, when for four years and seven months he
had given no attention to the cause.

It is true that ordinarily the rule is that a consent judg-
ment cannot be set aside except by consent or the death
of the referee, (Clark's Code, p. 405, 2d Ed.,) though there
may be exceptions to that rule as to most others. This,
however, is not an attempt to set aside a consent refer-
ence, but a dismissal of the action for a failure to prose-
cute it, and such failure may be shown by long-continued

STITH *v.* JONES.

failure to prosecute it before the referee as well as in any other way, (*McNeill* v. *Lawton*, 99 N. C., 16,) for the court retains jurisdiction of the action. If this were not true, then, if a plaintiff can once get his case referred by consent, and finds it likely to go against him, he can vex the defendant by continuing it indefinitely. Judges and lawyers might come and go, but that case, like Tennyson's brook, would

"Go on
Forever," and forever.

The judge does not find that there was excusable neglect, nor does he find facts which would justify such conclusion of law. If there was excusable neglect, the judge in his discretion might set aside the judgment or refuse to do so, and the exercise of such discretion is not reviewable. *Simonton* v. *Lanier*, 71 N. C., 498; *Brown* v. *Hale*, 93 N. C., 188. But the discretionary power only exists when excusable neglect has been shown. *Code*, Sec. 274.

The judgment setting aside the non-suit is not based upon excusable neglect, or indeed any other ground, but the "case on appeal" settled by the judge apparently rests his action on the ground that the non-suit "was improvidently and erroneously adjudged." If so, it could only have been corrected by an appeal.

The action of the court below in setting aside the non-suit is

Reversed.