JOHN WYCHE, et al. v. W. E. ROSS, Administrator of CHARLES ROSS.

*Judgment by Default—Motion to Set Aside—Discretion of Judge—Covenant of Quiet Enjoyment—Damages.*

1. The setting aside a judgment by default is a matter of discretion with the judge below and is not reviewable unless it clearly appears that such discretion has been abused.

2. Where there are successive administrations on an estate, they are in law one and the same, and the successor of an administrator who has been removed is not entitled, as a matter of right, to have set aside a judgment rendered against his predecessor by default.

3. It was not an abuse of discretion in the judge below to refuse to set aside a judgment by default against a former administrator in order to permit an administrator *de bonis non* to plead the Statute of Limitations or other technical defense, such pleas not being meritorious.

4. In an action on a covenant for quiet enjoyment it was not error to refuse to allow the defendant credit for rents where plaintiff does not claim interest on the price paid for the land.

CIVIL ACTION, tried before *Coble, J.*, and a jury, at April Term, 1896, of GRANVILLE Superior Court. From a judgment for the plaintiff the defendant appealed. The facts appear in the opinion of Associate Justice FURCHES.

. *Messrs. Winston, Fuller & Biggs*, for plaintiff.
*Mr. T. T. Hicks*, for defendant (appellant).

FURCHES, J.: In 1885 the plaintiff, Wyche, bought a tract of land from Charles Ross, for which he paid $500, and Ross conveyed to him by deed with a covenant of warranty of quiet enjoyment. In 1895, one Davis and others recovered said land of the plaintiff Wyche upon a title paramount to that of the grantor, Charles Ross; but

WYCHE *v.* ROSS.

by a compromise the land was sold by a commissioner under order of court, and was bought by the plaintiff Marsh at the price of $576, and this sale was reported to the court and confirmed. By the terms of the compromise the plaintiff Wyche was to get one-fourth of the price the land brought at said sale. After this judgment and sale the plaintiff commenced this action against Amanda Ross, the administratrix *c. t. a.* of Charles Ross, the grantor, he having died before the commencement of this action. At the return term of this action the defendant entered no appearance, and judgment was taken against her by plaintiff, and a writ of inquiry as to the amount of damages ordered. Between that term of the court and the next, the defendant W. E. Ross procured the removal of the said Amanda, and he was appointed the administrator *d. b. n., c. t. a.*, of the said Charles Ross, and at this term of the court filed an affidavit asking the court to allow him to be made a party defendant, to set aside the judgment by default, and allow him to file an answer and defend the action. The court allowed this motion to the extent of making the defendant Charles a party defendant in the place and stead of the said Amanda, who had been removed, and allowed him to file his answer and to make any defense he could as to the measure of damages, but refused to set aside the judgment by default theretofore rendered. To this ruling, refusing to set aside the judgment taken by default, the defendant complains and excepts; and this was the principal question discussed before this Court.

We are unable to see that we can correct the mistake of the court in refusing this motion, if any has been made, and we do not say that there has been. This motion involved a discretionary power of the court below, which this Court will not review unless it clearly appears that

WYCHE v. ROSS.

there has been an abuse of discretion in the matter appealed from. Freeman on Judgments, Section 541, (3rd Ed.) ; *Bank* v. *Foote*, 77 N. C., 131.

With the view of ascertaining this fact, whether there has been such abuse of discretion, in the court's refusing the defendant's motion to set aside the judgment, we have carefully examined the whole case, and fail to find that there has been.

The two administrations of Amanda and of the defendant, W. E. Ross, are in law one administration. And we find that Amanda was legally served with process, and failed to appear and defend the action. And though it is alleged in defendant's affidavit that Amanda is not friendly towards defendant, and is friendly with plaintiff, and failed to defend on that account, the court fails to find this to be the fact, there being no other evidence to sustain this charge. We find that the defendant and the other heirs-at-law of Charles Ross, the grantor, were notified of the action of Davis and others against the plaintiff for possession, and asked to come in and assist in defending that action, which they declined to do. We find from the facts stated, and not denied, that Charles Ross, the ancestor of the defendant, and his testator only had an estate in the land *per auter vie*, for the life of Mrs. Eliza Quarles, which had terminated before the Davis suit was commenced ; that one of the defenses set up by the defendant in his answer (which the judge did not allow to be filed) was the Statute of Limitations. But this plea is not generally considered a meritorious defense, or one that is calculated to move the court to act in a matter of discretion. But as we consider this warranty to be one of quiet enjoyment, in our opinion it could not

WYCHE v. ROSS.

have availed the defendant if it had been pleaded in apt time; and when the defendant, as a matter of right, could have pleaded it.

Another ground of defense set up in this answer is that there had been no actual ouster of the plaintiff at the time this action was commenced. The plaintiff says there was what is equivalent to an actual ouster; that there had been a recovery of the land, a sale ordered by the court, and a sale made under said order, and cite *Mizzell v. Ruffin*, 118 N. C., 69, and other cases in support of this contention. But whether, if this had been pleaded as a defense when the defendant had the legal right to plead it, we do not feel called upon to decide. For if we were to admit that it would defeat the plaintiff's action, it would only be for technical reasons, not in the least affecting the merits of the case, and like the Statute of Limitations not likely to induce the court, as a matter of discretion, to set aside a judgment regularly granted in order that it might be pleaded. If parties wish to avail themselves of such defenses, they must put them in when they have the right to do so. Having fully considered the whole case upon the motion to set aside the judgment, we see no error in the action of the court below, certainly nothing we can review and correct if there has been a mistake.

Having disposed of the motion to set aside the judgment, we are called upon to consider another matter of which the defendant complains, and to which he excepted. On the trial the defendant was allowed the benefit of one-fourth of the price for which the land sold, under the order of the court, which the plaintiff was to have under the terms of the order of sale, amounting to $135.70. But as the plaintiff claimed no interest on the money paid, the court did not allow the defendant to claim rents for the two or two and a half years that plaintiff had been in pos-

session, since the death of the life tenant, whose interest the defendant's ancestor had conveyed to the plaintiff. If the defendant had been allowed to do this, according to the evidence the rent would have only amounted to a few dollars more than the interest. But it seems to us that the action of the court in this respect is sustained by *McCoy* v. *Alexander*, 1 Hawks, 417 ; *Williams* v. *Beaman*, 2 Dev., 483, and other cases that might be cited. And upon a review of the whole case it seems to us that the defendant has had the opportunity to present whatever defense he had, upon the merits of the case, and that substantial justice has been done according to law, and that the judgment must be affirmed.

Affirmed.