J. W. MARSH v. A. T. GRIFFIN and wife, E. A. GRIFFIN, and MARION STEGALL.

(Decided December 23, 1898.)

*Motion to Set Aside Judgment—The Code, Section 274 —Excusable Neglect—Judicial Discretion.*

1. In passing upon a motion to set aside a judgment for excusable neglect, under Section 274 of *The Code*, while the motion rests in the discretion of the Court, that discretion is to be exercised in a legal and reasonable manner, and all material facts should be found, upon which his action is based. That discretionary power only exists when excusable neglect has been shown.

2. A failure to exercise sound legal discretion from a mistake of law or

other cause is equally reviewable, and will require the cause to be remanded, in order that the application may be reheard and determined in the legal discretion of the Court.

CIVIL ACTION to foreclose a mortgage, made to the plaintiff by defendants, A. T. Griffin and wife, E. A. Griffin, and incidentally to compel the defendant, Marion Stegall, vendor to the female mortgagor, to make her another deed, on the ground that she and her husband refused to put the original deed to her on record. The mortgage was given to secure a debt of the husband.

There was judgment by default for want of an answer at Fall Term, 1896, of UNION Superior Court rendered for the debt against A. T. Griffin and wife, E. A. Griffin, and the land adjudged to be sold to pay the debt by commissioners appointed for that purpose.

This is a motion, made pursuant to notice, at Spring Term, 1897, of said court to set aside said judgment on the ground of surprise and excusable neglect, under Section 274 of *The Code*.

The motion came on to be heard, upon affidavits, at a Special Term in July, 1898, before *Adams, J.*, and was refused.

The defendants excepted and appealed.

The facts are sufficiently stated in the opinion.

*Messrs. Adams & Jerome*, for defendants (appellants).
*Messrs. Shepherd & Busbee*, for plaintiff.

DOUGLAS, J.: This is an appeal from the refusal of a motion, under Section 274 of *The Code*, to set aside a judgment by default obtained through the excusable neglect of the defendants.

The action was brought to foreclose a mortgage, and incidentally to compel the vendor of the mortgagor to

execute to the *feme* defendant a good and sufficient deed
to the land embraced in the mortgage. The plaintiff
does not ask for possession of the land, but asked and
obtained, among other relief, a personal judgment
against the *feme* defendant, for the admitted debt of
her husband. The following is taken from the case on
appeal as settled by the Court:

"Judgment was rendered in the above entitled cause
at the August Term, 1896, of the Superior Court of
Union County, N. C., as will appear from the record
herewith sent.

At the January Term, 1897, of the said Superior
Court, the defendants A. T. Griffin and wife, after giv-
ing notice thereof, moved to set aside the said judgment,
and filed certain affidavits in support of said motion.
The plaintiff filed certain other affidavits, and the de-
fendants rejoined with additional affidavits.

The said motion was continued from term to term,
and was finally heard at the July Special Term, A. D.,
1898, of the Superior Court of Union County, N. C.,
before his Honor, Spencer B. Adams, the presiding
Judge. His Honor, after hearing the affidavits of both
parties, and the argument of counsel, in the exercise of
a sound discretion, refused the said motion, which
said refusal was entered upon the docket at the time.

After his Honor had refused the said motion, the de-
fendant gave notice of appeal, and the usual entries
were made, and the amount of appeal bond fixed, all of
which will appear from the record herewith sent. The
defendants then requested his Honor to find the facts
upon which he based his refusal, and this his Honor
agreed to do. It being Saturday of the last day of court,
it was agreed by both parties that his Honor might find
these facts after the expiration of the term, upon state-

ments to be submitted to him by the respective sides. These statements were accordingly submitted, and his Honor found the following facts, as being the only facts sufficiently established by the parties, to-wit:

### FINDINGS OF FACT.

Upon the hearing of the motion made by the defendants A. T. Griffin and wife, E. A. Griffin, to set aside the judgment rendered at the August Term, 1896, upon the ground of excusable neglect, the Court finds the following facts:

1. That the defendant E. A. Griffin is, and was at the time of the execution of the mortgage sued upon and the rendition of the judgment, a married woman.

2. That the summons in this case was issued on the 30th day of March, 1896, and duly served on the defendants A. T. Griffin and wife, E. A. Griffin, on the 6th of April, 1896; that the complaint was filed on the 30th day of March, 1896; that the Superior Court of Union County was held on the second Monday before the first Monday in September, 1896, at which term the judgment complained of was rendered, four and a half months after the service of the summons on the defendants; that on the 4th day of December, 1896, after duly advertising according to law, the land described in the complaint, and embraced in the mortgage that was foreclosed, was publicly sold at the court-house door in the town of Monroe, N. C., at which time and place neither of the defendants entered an appearance nor made a protest against said sale; that no counsel was employed, no bond filed, as was required, it being an ejectment suit, and no action was taken by the defendants, or either of them, until the *feme* defendant filed her affidavit in this cause, on the 7th day of January, 1897.

3. That during the first week of the August Term, 1896, of the Superior Court of Union County, the defendant Marion [Stegall], who resided in the County of Anson and who was a nominal defendant merely passed by and stopped at the residence of the other defendants while on his way to Union Court; that while at the house of Griffin and wife, the other defendants, Mrs. Griffin said to Stegall that neither she nor her husband were well enough to go to court, and asked him, Stegall, to look after the matter for them; that the said Mrs. Griffin paid Stegall no money to employ counsel, furnished him with no bond nor means to secure one, and the said Stegall made no promise that he would employ counsel or furnish bond; that the said Stegall had no real interest in the suit, and was merely a nominal defendant; that the said Stegall went on to court, found that the case was not calendared for jury trial, and so reported to the other defendants; that he employed no counsel, gave no bond, made no arrangements to do so, all of which the other defendants well knew.

4. That it is the opinion of the Court that it was inexcusable negligence on the part of the defendant Griffin and wife, to remain still and make no effort to put in their defence from the 6th day of April, 1896, the time of the service of the summons upon them, to the 7th day of of January, 1897, the time of the filing of their first affidavit, and to content themselves with simply requesting a nominal defendant who accidentally passed their house, while en route to court, to attend to the matter for them, without furnishing him with the means to do so; and this is especially so when the said defendant failed to employ counsel or give bond, as Griffin and wife well knew.

MARSH v. GRIFFIN.

And, upon the facts found, as hereinbefore set forth, the court refuses in the exercise of a sound discretion vested in it by Section 274 of *The Code*, to set aside said judment.

SPENCER B. ADAMS,
*Judge Presiding.*

EXCEPTIONS.

To the said judgment and finding of facts the defendants A. T. Griffin and E. A. Griffin except and assign the following exceptions and errors:

1. For that there was no evidence that the action was one of ejectment, in which it was necessary for defendants to file bond, but, on the contrary, the complaint discloses plaintiff's cause of action as one for the foreclosure of a mortgage.

2. For that the Judge failed to pass upon all the questions of fact raised by the respective parties, and which were necessary for a correct determination of the question of excusable neglect, in that he failed to pass upon and determine:

(a) Whether the plaintiff requested the defendant Stegall to come to Monroe and see plaintiff's attorneys about the matter, and whether plaintiff's counsel informed said Stegall that the case was not for trial at that term, and that if anything was to be done about the case at said term, he would write to Stegall in time and inform him what was to be done, and whether Stegall told Mrs. E. A. Griffin on his return that nothing was to be done about the case unless they were notified.

(b) Whether A. T. Griffin and E. A. Griffin were prevented from attending the return term of court, when the judgment was rendered against them, on account

of the sickness of A. T. Griffin and the ill health of E. A. Griffin.

(c) Whether, under a rule of said court, applicable to all cases brought in said court, 60 days were allowed to plaintiffs to file their complaints and 60 days thereafter allowed to defendants to file answers.

(d) Whether the plaintiff has taken a personal judgment against the *feme* defendant, E. A. Griffin, as a simple inspection of the said judgment will show such personal judgment against her.

3. For that he failed to set aside the personal judgment against the *feme* defendant, E. A. Griffin, after having found that she was a married woman at the time of the execution of the mortgage sued upon and the rendition of the judgment, and it appearing in the complaint that she was a married woman.

4 For that he erred in not setting aside the judgment upon the facts as found by the Court."

The defendants filed several affidavits in support of their motion tending to prove the facts alleged therein.

Upon the foregoing facts *we are of opinion* that his Honor should have found all the material facts, both for the purpose of enabling him to exercise, in a legal and reasonable manner, the discretion vested in him by law, and to enable us to review his judgment to the extent of determining whether it was within his legal discretion. Section 274 of *The Code* provides that, "The Judge may likewise, in his discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited, or by an order to enlarge such time; and may also in his discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceed-

ing taken against him through his mistake, inadvertence, surprise or excusable neglect.

In the cases construing this section, the words "mistake, inadvertence" and "surprise" seem to have been ignored with singular unanimity. The phrase "excusable neglect" is apparently taken as embodying the meaning of the section. It has been uniformly held that such a motion rests in the discretion of the court, and yet the result of the decided cases is that such discretion is not reviewable when the judge overrules the motion, but is reviewable when he sustains it. In *Stith* v. *Jones*, 119 N. C., 428, 431, this Court in *reversing* the action of the court below in setting aside the judgment, says: "The Judge does not *find* that there was excusable neglect, nor does he find facts which would justify such conclusion of law. If there *was* excusable neglect, the Judge in his discretion might set aside the judgment or refuse to do so, and the exercise of such discretion is not reviewable. (Citing) *Simonton* v. *Lanier*, 71 N. C., 498; *Brown* v. *Hale*, 93 N. C., 188. *But the discretionary power only exists when excusable neglect has been shown.*" This rule, which is amply sustained by authorities, can have but one intelligent meaning, and that is that the discretion of the judge is a *legal* discretion which must be exercised within legal limits and upon legal principles. The matter is necessarily appealable, so that this Court may determine whether that discretion has been legally exercised. If so exercised, it will not be interfered with unless clearly shown to have been abused. *Bank* v. *Foote*, 77 N. C., 131; *Kerchner* v. *Baker*, 82 N. C., 169; *Churchill* v. *Insurance Co.*, 88 N. C., 205; *Wyche* v. *Ross*, 119 N. C., 174, 176; *Cowles* v. *Cowles*, 121 N. C., 272, 275. It is well settled that a palpable abuse of this discretion is review-

able, and even where there is no actual or intentional abuse in the ordinary acceptation of the term, a failure to exercise such legal discretion, from a mistake of law or any other cause, is equally reviewable. The defendant is entitled to have his motion fairly heard, his material allegations found one way or the other, and the intelligent and reasonable exercise of the legal discretion of the Judge upon the facts as found. In *Warren* v. *Harvey*, 92 N. C., 137, 139, 141, this Court says: "We have little hesitation in placing the present application within the discretionary power committed to the court, which the Judge, holding the neglect not excusable, *did not undertake to exercise . . . . . .* There was therefore error in the ruling that the facts do not show surprise or *excusable neglect* within the intent of the statute, and the application must be reheard to the end that the reasonable discretion confided to the Judge may be exercised in the premises upon the facts as they now appear before us."

However incapable of exact definition, that judicial discretion is not absolutely without limitation, is clearly recognized in other jurisdictions entitled to respect. Lord Mansfield in *Rex* v. *Wilkes*, 4 Burr, 2539, says : "Discretion, when applied to a court of justice, means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague and fanciful, but legal and regular." In *Tripp* v. *Cook*, 26 Wend., 152, it is said : "Judicial discretion is a phrase of great latitude, but it never means the arbitrary will of the Judge. It is always (as Chief Justice Marshal defined it) a legal discretion to be exercised in discerning the course prescribed by law ; when that is discerned, it is the duty of the courts to follow it. It is

to be exercised, not to give effect to the will of the Judge, but to that of the law."

In the case at bar there is no suggestion of any intentional abuse on the part of his Honor, but it clearly appears that, in addition to his failure to find certain facts, he was inadvertent to other material facts. How this inadvertence arose does not appear from the record, but it has been suggested that certain papers were not before him. Whatever its cause, its existence is apparent. He states in his findings of fact that the action is an "ejectment suit," and bases his decision partially upon the fact that the defendant gave no bond. As the pleadings show none of the requisites of an action in ejectment, the defendant was not required to give bond, and therefore the action of his Honor was clearly based upon a misapprehension of fact and law.

The case must be remanded, as was done in *Warren* v. *Harvey, supra,* in order that the application may be reheard and determined in the legal discretion of the court. Upon being remanded, it will stand for hearing as if it had never been heard.

Case remanded.

CLARK, J., concurring in result : On a motion to set aside a judgment for excusable neglect, the findings of fact by the Judge are conclusive and this Court cannot look into the affidavits to review his findings (*Weil* v. *Woodard,* 104 N. C , 94; *Albertson* v. *Terry,* 108 N. C., 75; *Sykes* v. *Weatherly,* 110 N. C., 231) and indeed they are no part of the record proper and should not be sent up.

Whether, upon the findings of fact, there was excusable or inexcusable negligence is a matter of law and always reviewable at the instance of either party. *Win-*

*borne* v. *Johnston*, 95 N. C., 46; *Weil* v. *Woodard*, *supra;* Clark's Code (2nd Ed.) pp. 230, 231, 232, 233. If upon such findings of fact the negligence was inexcusable, the court below had no power to set the judgment aside.

If there was, upon such findings, excusable negligence, then the Judge in his discretion can set aside or refuse to set aside the judgment, and the exercise of such discretion is irreviewable at the instance of either party, (*Manning* v. *Railroad*, 122 N. C., 824 ; *Stith* v. *Jones*, 119 N. C., 428 ; *Sykes* v. *Weatherly*, and *Winborne* v. *Johnson*, *supra*, and cases there cited) except possibly for a gross abuse of discretion (*Wyche* v. *Ross*, 119 N. C., 174), which does not appear in this case.

There was no omission to find material facts, as in *Smith* v. *Hahn*, 80 N. C., 241, for his Honor says the facts found are "the only facts sufficiently established by the parties" and the credit a Judge gives to the testimony of witnesses cannot be supervised by an appellate court. But while we cannot look into the affidavits to review the findings of fact, we see that his Honor found that there was "no bond filed as was required, it being an ejectment suit," when from the record proper it appears that the action was not an ejectment suit, but for foreclosure and no bond was required.

The Judge below evidently found that this was a case of excusable neglect (as he refuses the motion in the exercise of his discretion), and as the plaintiff does not appeal, that finding stands. But it is impossible to see how far the exercise of his discretion was influenced by the erroneous opinion the Judge expressed as to the nature of the action and the necessity of filing a bond. I think the case should be remanded that the Judge below exercise his discretion upon the facts already found.