## MORRIS v. LIVERPOOL, LONDON AND GLOBE INSURANCE CO.

(Filed October 28, 1902.)

1. FINDINGS OF COURT—*Judgment—Excusable Neglect—The Code, Sec. 274.*

   Upon a motion to set aside a judgment for excusable neglect, the findings of fact by the trial judge are conclusive where there is any evidence to support them.

2. JUDGMENTS—*Excusable Neglect—Appeal—The Code, Sec. 274.*

   On a motion to set aside a judgment, whether the facts found constitute excusable neglect, is a conclusion of law reviewable on appeal.

3. JUDGMENTS—*Excusable Neglect—Appeal—The Code, Sec. 274.*

   Whether to allow a motion to set aside a judgment, excusable neglect being shown, and so found by the judge, is discretionary, and not appealable unless there has been a clear abuse of discretion.

4. JUDGMENTS—*Setting Aside—Excusable Neglect—The Code, Sec. 274.*

   On a motion to set aside a judgment for excusable neglect, the facts in this case constitute neglect on the part of the agent of the defendant, and the neglect of the agent being the neglect of the defendant, his principal, it was inexcusable and the motion properly refused.

ACTION by B. Morris against Liverpool, London and Globe Insurance Company, heard by Judge *Walter H. Neal,* at Chambers, in Laurinburg, N. C., on 24th day of June, 1902. From the refusal of the Court to set aside the judgment, the defendant appealed.

*Jones Fuller,* for the plaintiff.
*Hinsdale, Lawrence & Hinsdale,* for the defendant..

CLARK, J.   This is a motion to set aside a judgment for ex-
cusable neglect under The Code, Sec. 274.   The findings of
fact by the Judge are conclusive, except when there is no evi-
dence to support them.   *Koch v. Porter,* 129 N. C., 132;
Clark's Code (3d Ed.), page 311.   Whether the facts found
constitute excusable neglect is a conclusion of law reviewable
on appeal.   But if there is excusable neglect, whether the
Judge shall then set aside the judgment or not rests "in his
discretion," by the terms of section 274, from which an ap-
peal lies only when there has been a clear abuse of such discre-
tion.   *Wyche v. Ross,* 119 N. C., 174; *Cowles v. Cowles,*
121 N. C., 272.   The discretionary power only exists when
excusable neglect has been shown.   *Stith v. Jones,* 119 N. C.,
at page 341; *Brown v. Hale,* 93 N. C., 188; *Simonton v. La-
nier,* 71 N. C., 498.

The facts found in this case are that the summons was
served on the local agent of the defendant at Durham, 4 Jan-
uary, 1902, returnable to the Superior Court of that county,
which began 20 January.   Said agent was a proper party
upon whom service could be made (Code, Sec. 217), but he
informed the Sheriff that he was not, and that the service
should be made on the general agent of defendant company
at Raleigh, and, soon after meeting counsel for plaintiff,
said local agent imparted the same legal information to him.
The said counsel told the agent "he thanked him for the in-
formation"—merely this and nothing more.

At said January Term a verified complaint was filed, and,
no defense being interposed by the defendant, judgment by
default and inquiry was entered up.   At the March Term,
the inquiry was instituted before a jury, and a final judg-
ment rendered in accordance with their verdict.   The de-

fendant had no actual knowledge of said judgment till May Term, when this motion was made.

On appeal, every intendment is in favor of the judgment below. If the refusal to set aside the judgment upon the ground that, though there was excusable neglect, the Judge, "in his discretion," refused to set it aside, his action is not reviewable, as section 274 vests him with that discretion.

But if it were conceded that the Judge held that the facts did not constitute excusable neglect, it can require no discussion to hold that he was right. There was gross and inexcusable neglect. The agent should have notified the company that service had been made on him, and his neglect to do so was the neglect of the principal. With the slightest attention to the case, it should have been known that a complaint was filed, and that inquiry before a jury was to be instituted at the next term. As calendars of causes for trial are usually printed in the newspapers in a town like Durham (though there is no finding by the Judge on this point), it is strange that the agent or some one in the employ of the company, as attorney or otherwise, did not take notice of the matter. *Henry v. Clayton,* 85 N. C., 371.

The nearest case upon the facts is *Churchill v. Ins. Co.,* 88 N. C., 205, where the defendant supposed that in law it was not required to answer till a copy of the complaint was served upon it. The Court held that this was inexcusable neglect, as was here the somewhat similar error in law of the agent in supposing that the summons could not be served upon him. Action founded upon a mistake in law is not excusable neglect. *White v. Snow,* 71 N. C., 232, and *Williamson v. Cocke,* 124 N. C., 585, in which cases the defendant misconceived the legal purport of a summons served on him. In this last case it was said by Faircloth, C. J., at page 590, such "negligence can not be held a sufficient ground for setting aside a regular judgment, entered up in consequence of

inattention on the part of defendant to an important duty. The Courts must proceed with business in a reasonable way or forfeit their usefulness to the public."

In *DePriest v. Patterson*, 85 N. C., 376, the defendant, who was sick and unable to leave home, told the officer he thought he was serving the summons on the wrong man, and understood the officer to promise to ascertain whether he was or not, and let him know before returning the summons, but did not, and judgment was taken against him, it was held that it was inexcusable neglect for the defendant not to look after the case, and the judgment was not set aside.

It was argued here that the agent was misled by the plaintiff's counsel thanking him for his legal advice. The Judge does not find that in fact he was misled, and we can not assume that he was. He could not have been reasonably misled thereby. The duty of the agent was to have informed his company of the fact, which he knew, that the summons had been served on him, instead of advising the counsel of the other side as to a matter of law, which he did not know. It was inexcusable neglect to suppose that the attorney of the opposite party would be governed by his (the agent's) opinion on the law. The agent "carried his coals to Newcastle," and his employer should not be surprised that it has now to pay the freight.

No Error.