### R. P. DICK, et al v. R. D. DICKSON.

A Court after allowing an irregular judgment by default final, taken at a previous term, to be amended into a judgment by default and enquiry, *has power* at the same term to strike out such judgment altogether, and permit the defendant to plead; *therefore,* no appeal lies to the Supreme Court from such action.

(*Davis v. Shaver*, Phil. 18, cited and approved.)

Motion, to set aside a judgment by default, made before *Buxton, J.*, at Spring Term 1869, of the Superior Court of Cumberland.

This is the case reported in *ante* 185. Upon return of the case, the plaintiffs obtained leave to amend their writ by striking out the names of all of the defendants, except that of R. D. Dickson, as to whom judgment final by default had been irregularly entered at Spring Term, 1867. The plaintiffs were also allowed to amend the final judgment of 1867, so as to make it a judgment by default and inquiry. Thereupon, R. D. Dickson, then left sole defendant, made it appear to the satisfaction of the Court that he had employed counsel to appear and plead for him at the Appearance Term, who had omitted to do so; and moved that the judgment by default be set aside, and that he be allowed to plead as of the appearance Term. His Honor being of the opinion,

that he had control of the case and could shape it by such direction at the present term as he thought justice required, granted the motion of the defendant.

From this order the plaintiffs craved an appeal, which, upon their giving bond, was granted.

*Jno. W. Hinsdale,* for plaintiff, cited, Revised Code ch. 31, sec. 57 (2), *Dick* v. *McLauren,* 63 N. C. R. 185. *Dunn* v. *Batchelor,* 2 Dev. & Bat. 52. *Keaton* v. *Banks,* 10 Ire. 381; and argued that the motion to vacate comes too late, as it should have been made in a reasonable time after the entry of judgment—or at the next succeeding term.

*Strange* and *W. McL. McKay, contra.*

The Court had the power to set aside a judgment by default and inquiry, rendered at a previous term, even after the inquiry has been executed, upon proper cause shown. *Anderson* v. *Devane,* 2 Hay. 373, *Cogdell* v. *Barfield,* 2 Hawks, 332.

No appeal lies from a matter of discretion, or from a finding by the Court of a matter of fact. *State* v. *Lanier,* 3 Hawks 175; *State* v. *Raiford,* 2 Dev. 214; *Davis* v. *Shaver,* Phil. 18.

SETTLE J. The record shows that at the last term of the Superior Court of Cumberland County, after this case had been pending for two years, and had been before this Court, upon another point, *ante* 185, the plaintiffs come before the Court, asking favors, and are permitted to amend in two particulars. In the first place, by striking from their writ all of the defendants except Dickson ; and in the second place, by amending the record *nunc pro tunc,* so as to make it appear that a *judgment by default and inquiry,* had been entered at Spring Term 1867, instead of the "*judgment by default final,*" which was set aside at Spring Term, 1868.

We were informed upon the argument by the counsel for the plaintiffs that these amendments were allowed without terms. It will be borne in mind that at Spring Term 1868 of Cumberland Superior Court, when the "*judgment by default final*" was set aside as irregular, upon the motion of the defendants *McLaurin and Dickson*, the plaintiffs appealed to this Court, and it does not appear that they moved to have their judgment entered as a *judgment by default and inquiry,* as of Spring Term 1867, until the last term of the Court, to-wit: Spring Term 1869, when it was granted. And thereupon the statement of the case recites, "R. D. Dickson, now left sole defendant, made it appear to the satisfaction of the Court that he had employed counsel to appear and plead for him at the appearance term, who had omitted to do so until now, and moved that judgment by default against him be set aside and that he be allowed to plead as of the appearance term." This His Honor allowed, "being of the opinion that he had control of the case, and could shape it, by such directions as he thought justice required."

In this opinion we concur.

As to the power of the Court to set aside judgments by default, we entertain no doubt, and we have nothing to do with the exercise of its discretion. Both parties asked favors and though His Honor changed his orders, in part, it was all done during the same term of the Court, while the matter was *in fieri* and under the control of the Court. It is unnecessary to discuss the questions made before us, upon the argument, as to the effect of regular or irregular judgments, and of the power of the Courts over them; the learning on this subject may be found in the report of this case at the last term, and in *Davis* v. *Shaver,* Phil. 18, and the cases there cited.

Courts are clothed with a large discretion, in amending any process, pleading, or proceeding in any action, and even defects in judgments and executions, for the furtherance of justice. And they have power for the same purpose, to set aside all irregular proceedings, from the leading to the final process. And while questions as to the power of other Courts

may be brought in review before this Court, we have no jurisdiction to review the exercise of discretion in those matters, where Courts are clothed with discretionary powers.

. Let this be certified, &c.

PER CURIAM.                                                    Affirmed.