R. F. SIMONTON, Adm'r. &c., *v.* GEORGE W. CHIPLEY.

The Supreme Court has appellate jurisdiction over questions *of law* only, and so cannot review the exercise of a discretionary power over matters *of fact* :

*Therefore,* it cannot review a question as to the propriety of an order striking out a judgment for irregularity; turning, in some degree, upon whether it were given without a verdict, and in the absence of the defendant and his attorney.

Where an order of amendment given in the County Court, had been appealed from, and, pending the appeal, that Court had been abolished, and its records transferred to the Superior Court ; *Held,* that upon an affirmation of the order, the amendment should be made in the latter Court.

(*Britt* v. *Patterson,* 10 Ire. 390, and *Bagley* v. *Wood,* 12 Id. 90, cited and approved.)

MOTION to set aside a judgment, heard by *Buxton, J.,* at July Special Term 1869 of IREDELL Court.

The question had been brought by appeal from the County Court of that county, in which at August Term 1867, an order had been made, upon the motion of the defendant, to set aside a judgment in *debt,* taken by the plaintiff's intestate against him, at August Term 1861.

In support of his motion the defendant had introduced

evidence that upon the return of the writ in the action (May Term 1861) he had appeared, and pleaded General Issue, Payment-and-set-off, and Statute-of-Limitations; and that at the next term, in his absence, and the absence of his attorney, an entry of " Judg't " had been made on the docket,— upon which, execution had been issued for $788 93 and costs, &c.; that the affiant was not informed of the rendition of the judgment for a long time after, &c.

From the order to vacate such judgment and amend the record *nunc pro tunc,* &c., the plaintiff appealed to the Superior Court.

His Honor affirmed that judgment, and the plaintiff appealed again.

*W. P. Caldwell* for the appellant.
*Clement & Boyden* and *Bailey, contra.*

DICK, J.   This court cannot review the judgment in the court below, as it was rendered in the exercise of a discretionary power in matters of fact.

The appellate jurisdiction of this court extends only to the correction of errors in law.   It cannot hear evidence in a cause, and of course cannot properly determine questions depending upon facts.

This doctrine has been so fully discussed, and is so well settled, that it is unnecessary for us to consider it further: *Britt* v. *Patterson,* 10 Ire. 390 ; *Bagley* v. *Wood,* 12 Id. 90.

We concur in the ruling of his Honor in the court below, and the judgment must be affirmed.

As the records of the late County Court are now under the control of the Superior Court, that court must make the amendment ordered by the County Court, and the parties can proceed as they may be advised.

Let this be certified.

PER CURIAM.                          Judgment affirmed.