WILLIAM A. QUINCEY v. W. L. M. PERKINS.

*Practice -- New Trial -- Absence of Witness.*

The terms of § 236, C. C. P. do not include all the grounds upon which a
Court may grant a new trial, but are additional to the grounds men-
tioned in § 133, C. C. P. *Therefore*, when the Court below refused to
continue an action on account of the absence of a material witness for
the defendant and after judgment in favor of the plaintiff granted the
defendant a new trial on account of the absence of such witness; *Held*,
not to be error.

CIVIL ACTION, tried at August Special Term, 1876, of
GRANVILLE Superior Court, before *Seymour, J.*

On the trial in the Court below the plaintiff read his com-
plaint and the defendant his answer and each rested his
case.

Under instructions of the Court the jury found a special
verdict in favor of plaintiff for $562.16 subject to the opinion
of His Honor.

The counsel for defendant then made a motion for a new
trial upon the ground previously taken by him for a con-
tinuance, to-wit; the absence of a material witness. His
Honor being of opinion that substantial justice could only
be obtained by a new trial set aside the verdict and ordered
the case to be continued. Plaintiff excepted and moved for
judgment on complaint and answer which was refused.
Plaintiff appealed.

*Messrs. L. C. Edwards* and *J. B. Batchelor*, for plaintiff.
*Messrs. Merrimon, Fuller & Ashe, T. L. Hargrove* and *T. B.
Venable*, for defendant.

RODMAN, J. The defendant moved for a continuance on
the ground of the absence of his material witness. This

motion was refused by the Judge. The defendant was thus compelled to go to trial, and inasmuch as by his answer he had admitted the execution of the note sued on and that a part of it remained unpaid and as he could not give any evidence of his defence in avoidance, the jury of course found for the plaintiff. The defendant moved for a new trial on the same ground on which he had moved for a continuance, and the Judge set aside the verdict and granted a new trial. It was argued by Mr. Batchelor for the plaintiff that the Judge could grant a new trial only in the cases mentioned in sub-section 4 of § 236 of C. C. P., and that none of the reasons there mentioned existed in the case. If § 236 is read in connection with § 133 it will be seen that § 236 was not intended as a statement of all the cases in which the Judge might grant a new trial, but as an addition to the cases or grounds mentioned in § 133, and also to prescribe that in the cases there mentioned the motion must be heard at the term at which the trial is had.

By § 133 the Judge in his discretion may relieve a party from a judgment, order or other proceeding taken against him through his surprise, &c., at any time within one year, &c. Of course therefore he may do it at the term at which a verdict (for this is included in the term " other proceeding ") is taken. In the present case the Judge evidently thought that the defendant had been surprised by the absence of his witness and wished to review his refusal of the motion to continue, which he could only do by granting a new trial.

We cannot say that the discretion of the Judge was improperly exercised.

There is no error.

PER CURIAM.                                    Judgment affirmed.