In *Long* v. *Gooch,* from Halifax :

This was a motion by the plaintiffs to be allowed to file exceptions to the report of a referee in a case pending in Halifax superior court.   The judge granted the motion and the defendants appealed.

SMITH, C. J.   The referee made his report, embodying his findings of law and fact at spring term, 1880, and being ad-

verse to the plaintiffs, they were allowed thirty days in which to except. No exceptions being filed, the two defendants who had answered the complaint, moved the court at the next and each successive term for an order of confirmation. The motion was not acted on at two of the terms, in consequence of the absence of the papers in the cause; at another, a continuance was granted; and at fall term, 1881, the presiding judge gave "leave to the plaintiffs, upon payment of all the costs accrued since the filing of the report of the referee, to file the exceptions tendered, the cause to be heard at chambers as of this term." The exceptions are confined to the referee's conclusions of law, and purport in the caption to have been filed at spring term, 1880.

The defendants appeal from the refusal of His Honor to grant the motion to confirm, and the order permitting exceptions to be filed in the cause.

The principle has been too long settled and recognized to be open to discussion, that orders made in the progress of a cause, such as this now the subject of complaint, rest in the sound discretion of the judge, and he may allow or refuse them as he may deem right and proper under the special circumstances of the case, and his action is not under the reviewing power of this court. This is declared in many of the cases to which our attention has been called in the argument, and results necessarily from the constitution of the court invested with an appellate jurisdiction, restricted, except under recent amendments, to the correction of errors in law committed by the inferior court. *Simonton* v. *Chipley*, 64 N. C., 152; *Long* v. *Holt*, 68 N. C., 53; *Childs* v. *Marlen, Ib.*, 307; *Moore* v. *Dickson*, 74 N. C., 423; *State* v. *Lindsey*, 78 N. C., 499.

It is true the suggestion is made in some of the opinions, that cases may occur of judicial rulings so oppressive and unjust, and so repugnant to the legal rights of suitors, as to

warrant the interference of the court in the exercise of the supervisory jurisdiction conferred by the constitution, "over the proceedings of the inferior court." Thus RODMAN, J., in *Moore* v. *Dickson*, remarks: " Undoubtedly the granting or refusing a continuance is in the discretion of the judge below, and it would require circumstances proving beyond doubt hardship and injustice to induce this court to review his exercise of it, *if in any case it has the power to do so.*" And BYNUM, J., in like manner declares in *State* v. *Lindsey:* " It is unnecessary for us to say that in *no* case will this court review a refusal of a judge below to continue a case, *for even if such right of review exists in any case,* it does not appear in this case that the discretion of the judge was in any wise abused."

Nor does it become us to say under what circumstances, if any such case be anticipated, this court would be constrained to interfere in the management of a cause committed to the judge who conducts it, but certainly no abuse of his discretion is disclosed in the record before us. How could a judge be expected to enforce a trial and determine a motion, when the papers are not present, and he can know nothing of the merits of the controversy, except from verbal statements? And how can we, without the facts which determined him to grant the continuance, declare it was not right and proper, or that the allowance of the filing of exceptions upon points of law alone, under the stringent conditions imposed, was an act of wrong to the appellants? It may have been eminently proper that this privilege should be accorded, and such must have been the opinion of His Honor, or it would have been denied.

A striking illustration of the improvidence of the attempted appeal is furnished in the fact, that while a speedy hearing could have been obtained, and a decision had upon the exceptions under the order, an appeal even if successful

would produce but a longer delay, and would be fruitless, unless the exceptions are to be rejected.

We must reiterate our former rulings, that the allowance of the exceptions, and the delay consequent upon it, are within the discretion of the court, and from its exercise no appeal lies. See *ante* 535, 540.

PER CURIAM.                    Appeal dismissed.