A. B. ALLISON et al. v. W. W. WHITTIER, Executor of CLARK WHITTIER, et al.

*Appeal—Undertaking—Notice—Res Judicata—Judicial Discretion—Vacating Judgments.*

1. The omission of the proper penal sum in an undertaking on appeal will not be considered such a fatal defect as to authorize the Court to dismiss the appeal in the absence of the notice required by the Act of 1887, chap. 121; nor will the omission of the Clerk to insert in the transcript of the record the fact that the appeal was taken, if it appears in the case on appeal.

2. The proceedings of a Court are *in fieri* until the close of the term, and the Judge may, in the exercise of his discretion, without notice and without finding and stating the facts upon which he bases his action, at any time during the term, vacate, modify or reverse anything done therein; and the exercise of such power is not reviewable, unless, perhaps, it should be made to appear it had been grossly abused and resulted in oppression.

3. Where an application is made to a Judge at Chambers, or at a term subsequent to that in which a judgment was rendered, to set it aside on the ground of mistake, inadvertence, surprise, or excusable negligence, notice must be given to the adverse party, and the Judge must find the facts upon which he bases his ruling, to the end that it may be reviewed on appeal.

4. The principle of *res judicata* does not extend to ordinary incidental motions and orders in a cause, though it does operate when the ruling affects a substantial right subject to review in the appellate Courts.

This is an APPEAL from an order made by *Boykin, J.*, setting aside a judgment, at Fall Term, 1888, of SWAIN Superior Court.

The action was instituted on April 27th, 1886, by J. B. Allison against Clark Whittier, to pursue and enforce a trust upon land bought by one R. V. Welch, under an agreement with the former that they were to be equally interested in all such land as they, or either one of them, might buy in certain

named counties, and by said Welch, who had taken title to himself, conveyed to the said Whittier. The original parties having died pending the action, the heirs of the plaintiff and the executrix, executor and devisees of the defendant, who are very numerous, were successively made parties in place of those deceased—the latter, who were non-residents, by publication.

Thereafter, at Spring Term, 1888, of the Superior Court of Swain, the substituted plaintiffs filed an amended complaint, referring to the original complaint as containing the cause of action, and setting out the relations of the defendant thereto, when the following order was entered :

" Defendants allowed sixty days in which to file their answer."

No answer was put in during the limited time, but was filed with the Clerk on the 3d day of October, 1888, in which the allegations of the complaint are denied, as well as every equity arising out of the facts stated.

At the succeeding two weeks term, held on the ninth Monday after the first Monday in September, judgment by default final was rendered, the Court refusing to extend the time and allow the answer to be filed upon the affidavits offered in explanation of the delay, and attributing it to the oversight of counsel, and the facts were therein declared as they are set out in the complaint, and adjudging to the plaintiffs the relief demanded as co-tenants entitled to one undivided sixth interest in the tract of land of 50,000 acres designated. Thereupon a motion to set aside the judgment was made, and refused by the Judge.

Again, later in the term, " after the close of the docket," in the words of the case sent up on appeal of the plaintiffs, " and after the plaintiffs' counsel had left the Court, and while the Judge was still present at the Court, the Judge, on motion of the defendants' counsel, granted an order upon the grounds of discretion, striking out the judgment and allowing the

defendants sixty days in which to file an answer." From this ruling plaintiffs' counsel, as soon as advised of it, appealed to this Court.

*Mr. F. C. Fisher,* for the plaintiffs.
*Messrs. A. M. Fry, Chas. A. Moore* and *G. A. Shuford,* for the defendants.

SMITH, C. J. (after stating the case.) Upon the calling of the cause the defendant submitted a motion to dismiss the appeal, assigning as grounds therefor :

1. For that the record fails to show that any appeal was entered in the Court below ; and

2. For that the penal sum mentioned in the undertaking, without any authority for the reduction, is fifty dollars instead of $250, specified in *The Code,* § 552.

Neither of these reasons require us to refuse to entertain the appeal and pass upon the assigned errors. It is the duty of the Clerk to perfect his record in reference to the taking the appeal, and his omission to make the memorandum of an appeal taken and prosecuted to this Court cannot be allowed to defeat it, as we have already said in passing upon a similar objection in another case disposed of·at the present term (*Fore* v. *W. N. C. R. R. Co., ante*). The other objection cannot prevail, because the notice required by the act of 1887, ch. 121, of the motion has not been given. We have in a recent case (*Bowen* v. *Fox,* 98 N. C., 396) put a construction on the words of the statute that covers this defect. It is there said that the General Assembly " had confined this remedial legislation to cases of irregularity in the instrument, such as an *insufficient penal sum,* and a deviation in other particulars of its provisions from the statute, and for want of verification. The motion must therefore be denied."

In the argument of appellants' counsel at the hearing before us, the result of a careful study · and examination of authorities as shown in the brief, several reasons are assigned for a revisal of the judgment complained of, to-wit:

1. For that no notice of the proposed motion was given to the plaintiffs or their counsel.

2. For that no facts are found upon which the action in vacating the first judgment is based, so that it can be seen whether a *legal* instead of an arbitrary discretion has been exercised ; and

3. For that the matter was *res adjudicata* by the first ruling against the defendants' motion.

These propositions will now be considered.

1. It is a settled rule that the Court, retains control of cases pending at any term for its action, and may recall, reverse, or modify anything done previously before its close.   Until its termination everything is *in fieri*, and this liability to correction or revocation underlies any action it may have taken in the cause.   It involves an exercise of discretion unrestrained by what may have been previously done, and its efficacy depends alone upon the legal capacity of the Judge to do the act, and this alone is open to an inquiry in the reviewing Court.   Of this litigants and counsel are required to take notice, and nothing is done beyond recall until the *session* ends with the completion of the business.

In the language of this Court, in *Branch* v. *Walker*, 92 N. C., 87, spoken in reference to the power of a presiding Judge, "the action was not *ended* when the judgment was entered. The record stood open for motions like the one before us, and other motions that might be made, and it was the duty of counsel to give them attention, when made, as occasion might require, until it should be ended."   And again it is added, "neither the defendants nor their counsel were required to take notice of judgments and entries made after the *Judge*

*had left the court house for the term;* on the contrary, they might reasonably infer that no business would be done after the Judge left."

As, then, the appellants' counsel knew that the power resided in the Court during the term to reconsider and reverse its action for reasons satisfactory to itself and subservient to the interest of a party, injuriously and wrongfully affected, it was not necessary to give notice of the second motion favorably responded to in setting aside the judgment by default.

The cases cited in the brief of appellants are none of them cases where the motion was made during the same term, but either at a subsequent term or before the Judge at Chambers, and of course notice was then an indispensable prerequisite. The circumstances under which the Judge was induced to reverse his first ruling and re-open the case do not appear, unless upon a reconsideration he deemed himself to have acted erroneously, and desired promptly to correct his error to prevent a wrong; but when practicable and in fairness notice should be given, not, however, as a legal duty to the adverse party, so that he could be heard upon the question of the proposed reversal. In this case it would seem to have been almost impracticable to give such notice without a needless prolongation of the term, and while the plaintiffs simply lose the advantage of a summary judgment and are free to prosecute their action as before, the defendants would be deprived of all defence to the claim if the judgment were allowed to stand, however meritorious and sufficient it might be shown to be at the trial. *Erwin* v. *Lowery*, 64 N. C., 321.

2. As the act complained of was, and is so declared to be in the case, the exercise of a discretion reposed in the presiding Judge, not resting upon any assumed legal principle, it was not necessary to find the facts, and in this particular is like the setting aside a disapproved jury verdict.

The facts must be found to enable this Court to revise the ruling, when application is made to have a judgment set aside at a term subsequent to that in which it was entered, under section 274 of *The Code,* because of "mistake, inadvertence, surprise, or excusable neglect," whereof the adverse party is not bound to take notice, and consequently it must be given him of the intended application.   In *Dick* v. *Dickson,* 63 N. C., 488, a motion was made and allowed at a subsequent term to set aside and strike out a judgment previously ren- dered, the Judge " being of opinion that he had control of the case, and could shape it by such direction as he thought justice required." Upon the appeal the ruling was approved, and this Court said : " As to the power of the Court to set aside judgments by default, we entertain no doubt, and *we have nothing to do with the exercise of its discretion.*"

The appellants contend that this discretion must be a *legal* and not an *arbitrary discretion,* and that its abuse may be the subject of review and correction by appeal.   There are cases where this proposition is asserted—cases determined in other States—and there are expressions of like import found in opinions delivered in this Court, when the action of the Judge is found to be oppressive and unjust, and repugnant to the legal rights of others.   RODMAN, J., in *Moore* v. *Dickson,* 74 N. C., 423 ; BYNUM, J., in *State* v. *Lindsey,* 78 N. C., 499.

Referring to the same subject, in deciding the appeal in *Long* v. *Gooch,* 86 N. C., 709, this language is used, " nor does it become us to say *under what circumstances, if any such case be anticipated,* this Court would be constrained to inter- fere in the management of a cause committed to the Judge who conducts it, but certainly no abuse of his discretion is disclosed in the record before us."

If the case was one requiring the facts to be found, it is a sufficient answer to say the appeal was taken from the order setting aside the judgment, and giving further time for an

answer, that is upon the assumption of an unauthorized power—one under the circumstances denied to the Judge.

3. The maxim expressed in the term *res judicata* is not involved in the present case; it is not one judgment rendered contrary to another, but the substitution of one for another, while the whole matter is before the Court and under its control. To deny the right to do this, is to place the hasty and inconsiderate action of the Court beyond the means of correction and remedy, however urgent might be the demand for it upon further reflection, or upon fuller information, and this, too, while the entire subject matter is under control, or, as it is said to be, *in fieri.*

"The principle of *res adjudicata* does not," says this Court, " extend to ordinary motions incidental to the progress of a cause, for what may one day be refused may the next day be granted, but it does not apply to decisions affecting a substantial right, subject to review in an appellate Court." *Mabry* v. *Henry*, 83 N. C., 298. Numerous references in the elaborate brief of appellants' counsel, to cases decided elsewhere, will, we think, upon examination, be found not to be in conflict with the views expressed in this opinion, and whatever apparent differences are seen to exist in those adjudications, to result from differences in the systems of judicial procedure.

There is no error, and the judgment must be affirmed.

Affirmed.