STATE *v.* CHESNUTT.

### STATE v. ALSTON CHESNUTT.

(Decided June 5, 1900.)

*Power of the Court, During Term, Over Its Own Records and Proceedings.*

1. A court has power, during the term, to correct, modify, or recall an unexecuted judgment in either criminal or civil cases.
2. The rule is equally applicable to orders and entries made during the term.
3. Court proceedings are *in fieri* until the close of the term, which the Judge may modify or vacate, and his action is not reviewable unless in case of gross abuse of power, resulting in oppression.

MOTION to set aside a verdict rendered at September Term, 1899, of Superior Court of DUPLIN County, which motion was made at September Term and continued over to December Term, 1899, when it was heard by *Bryan, J.,* and disallowed. Defendant had been convicted of an assault, and upon his motion his Honor had entered an order setting aside the verdict and granting a new trial. Afterwards during the term, on motion of the Solicitor, the order was stricken out. Defendant renewed his motion for a new trial, which motion was continued over to December Term following, when it was disallowed, and judgment rendered against defendant, who excepted and appealed.

*Mr. James O. Carr,* for appellant.
*Attorney-General,* for the State

FAIRCLOTH, C. J. At September, 1899, of DUPLIN Superior Court, the defendant was convicted of an assault, and the verdict was set aside and a new trial ordered. Afterwards, during the same term, the order setting aside the ver-

71——126

-dict was stricken out, and the verdict left as found by the jury, to which the defendant excepted, and a motion was again made to set aside the verdict. The motion was continued to the following December term, when the Court refused to set aside the verdict, and the defendant appealed.

A Court has power during the term to correct, modify or recall an unexecuted judgment in either criminal or civil cases. *State v. Warren,* 92 N. C., 825. The proceedings of a court are *in fieri* until the close of the term, and the Judge may modify or vacate any order made during the term, and his action is not reviewable unless it appears that he has grossly abused his power, resulting in oppression. This is not only the rule, but it is reasonable, and often corrects mistakes made without full information. We think it is common practice, after verdict and judgment in criminal cases, to change the judgment as may seem just to the Court. *Allison v. Whittier,* 101 N. C., 490; *Gwinn v. Parker,* 119 N. C., 19. These authorities refer to the power and control of the Court over its own judgments. We can think of no reason or principle why the rule is not equally applicable to orders and entries made during the term of the court. The first order did not have the effect of discharging the defendant. The second order only corrected what his Honor thought was bad discretion, caused no doubt by misinformation, and left the verdict as the jury had rendered it.

The other exceptions were to matters of discretion.

No error.