At September Term, 1899, of DUPLIN, the defendant was convicted of an assault, and the verdict was set aside and a new trial ordered. Afterwards, during the same term, the order, setting aside the verdict was stricken out, and the verdict left as found by the jury, to which the defendant excepted, and a motion was again made to set aside the verdict. The motion was continued (1122) *Page 728 
to the following December term, when the court refused to set aside the verdict, and the defendant appealed.
A court has power during the term to correct, modify or recall an unexecuted judgment in either criminal or civil cases. S. v. Warren,92 N.C. 825. The proceedings of a court are in fieri until the close of the term, and the judge may modify or vacate any order made during the term, and his action is not reviewable unless it appears that he has grossly abused his power, resulting in oppression. This is not only the rule, but it is reasonable, and often corrects mistakes made without full information. We think it is common practice, after verdict and judgment in criminal cases, to change the judgment as may seem just to the court. Allison v. Whittier, 101 N.C. 490; Gwinn v. Parker,119 N.C. 19. These authorities refer to the power and control of the court over its own judgments. We can think of no reason or principle why the rule is not equally applicable to orders and entries made during the term of the court. The first order did not have the effect of discharging the defendant. The second order only corrected what his Honor thought was bad discretion, caused no doubt by misinformation, and left the verdict as the jury had rendered it.
The other exceptions were to matters of discretion.
No error.
(1123)