## HARDY v. HARDY.

(Filed April 30, 1901.)

JUDGMENT—*Setting Aside—Discretion of Court—Review by Supreme Court—Appeal.*

> The trial Court may set aside a judgment at the term at which it is rendered, and this discretion is not reviewable on appeal.

MONTGOMERY, J., dissenting.

ACTION by R. H. Hardy and W. D. Mewborn against W. A. Hardy, heard by Judge *O. H. Allen,* at December (Special) Term, 1900, of LENOIR County Superior Court. From

an order setting aside a judgment for plaintiffs, they appealed.

*George M. Lindsay,* for the plaintiffs.
No counsel for the defendant.

CLARK, J.   The defendant made a motion to set aside a verdict and judgment at the same term at which they were entered. He does not aver that there was excusable negligence, and the facts alleged,even if they had been found to be true, did not constitute excusable negligence.   They were evidently urged solely as an appeal to the discretion of the Judge to set aside a verdict at the same term. If the setting aside the judgment had rested upon the ground of excusable neglect, there would have been error.   But that ground nowhere appears in the motion, nor is it intimated anywhere in the record, and was evidently as foreign to the defendant as it was to the Judge.   The Judge did not find whether there had been excusable neglect or not.   No one suggested or urged that there had been such, nor is The Code, sec. 274, referred to.   The Judge stated that he considered the affidavits filed, but without any finding what state of facts they proved, beyond the recital that the defendant had no notice of the special term at which the case was tried, and which he was then holding, he immediately adds "in the *exercise of the discretion* reposed in the Court," that he sets aside "the verdict of the jury herein *rendered at this term,"* and the order entered upon such verdict, and continued the cause for trial by jury at next term.

The rule that all action, taken at any term of the Court, is *in fieri,* and can be set aside at that term by virtue, as the Judge recited, "of the discretion reposed in the Court," has for wise purposes always existed in the English law from time immemorial.   No case can be found restricting the exercise

of that discretion, and there ought to be none. *Allison v. Whittier,* 101 N. C., 490. Certainly there are none in the North Carolina Reports. The only case relied on, *Quincy v. Perkins,* 76 N. C., 295, is not a limitation upon "the exercise of the discretion of the Judge" (as he recites in this case) to set aside the verdict at the same term at which it was rendered, but is an extension of the power to set aside for ex-excusable neglect at that term. The reason for this is plain. The Judge might not wish to exercise his discretionary power, which he says he did in this case, and, if he did, whether he refused or granted the motion, there was no appeal; whereas, if he found there was or was not excusable neglect, his conclusion upon the facts found could be reviewed.

But here the defendant did not choose to take that course. He did not aver excusable neglect. His counsel was doubtless fully aware that his client's ignorance of the special term would give him no legal rights, not being excusable neglect, but thought it was a fact which, if believed by the Judge, might, with the other circumstances of this case, appeal to his discretionary power to set the verdict and judgment aside. He therefore properly relied upon the discretionary power of the Judge, as reasonably informed counsel would do. The Judge hence did not find the facts, nor did he adjudge that there was or was not excusable neglect. Hence, also, there is nothing for us to review. The suggestion by plaintiffs' counsel in this Court, that the Judge set aside the action taken for excusable negligence is directly contrary to his judgment that he did so as a "matter of discretion," and is unsupported by a single word in the record. He simply said that he had considered the affidavits, and "in the exercise of the discretion reposed in the Court," set aside a verdict and order made "at this term."

The uniform and unbroken policy of the courts has been that the appellate courts have always refused to interfere

with the exercise of such discretionary power reposed in the trial Judges.

The facts recited in the motion and affidavit appealed to the Judge's discretion, but the defendant did not aver that they constituted excusable neglect, nor did the Judge so hold, and, to overrule him on that ground, would be to hold erroneous a ruling which he has not made.

No error.

DOUGLAS, J., concurring.    I am of opinion that the Judge had the power to set aside the judgment during the term at which it was rendered; and it does not appear to me that he exceeded his just discretion in doing so.

As to what would be the law applicable thereto if the Judge had set aside the judgment after the term at which it was rendered, and upon the ground of excusable neglect, I do not care to express an opinion, as no such case is before us.

MONTGOMERY, J., dissenting.    The Superior Court acquired jurisdiction of this case upon an appeal by the plaintiffs, who are judgment creditors of the defendant, from the appraisers' allotment of the defendants' homestead.    The appeal, notice of which was served on the defendant, was returned to the regular November Term of the Superior Court, and at that term the case was continued.    A special term of Superior Court was duly and legally called and held in December, 1900, at which term the case was reached and called for trial (the defendant, however, not being present in person or by attorney), and an issue was submitted to the jury as to the true value of the land allotted to the defendant as a homestead.    The response to the issue was that the land was worth $1,300, whereupon a judgment was entered that certain commissioners appointed for that purpose should lay off to the defendant as his homestead a part of the land embraced in the first allotment of the value of $1,000.    During the same

special term of the Court the defendant lodged a motion to set aside the verdict and judgment. He affirmed in his affidavit made in support of the motion, after alleging that the value of the land was less than $1,000, and that he believed he could show it by witnesses; (4) "that he attended the November Term, 1900, of this Court for the purpose of giving attention to this action and his interest therein involved; (5) that the defendant had no knowledge or information whatever that the present December special term of this Court had been called, or that it would be held, and that this defendant was for the first time informed that the Court was in session and being held, by J. E. Turnage, who, on the day after the trial of this action by the Court and jury, by chance saw this defendant on the public road near his house, and to the great surprise of this defendant informed him that Court was in session in Kinston, and that on the day preceding, the issue herein had been submitted to and passed upon by a jury; (6) that the defendant was not represented at said trial, no evidence was offered in his behalf, and defendant verily believes that upon a trial of the issue on the evidence which defendant desires and will expect to offer if opportunity be given, the allotment of the homestead heretofore made herein will duly appear to be just and equitable and not in excess of the amount prescribed by law, to-wit, $1,000."

The motion was resisted and counter affidavits filed for the plaintiffs, and the Court, after consideration upon the matter, found "that the defendant had no notice of the present term of the Court," and rendered judgment as follows: "It is, after considering the affidavits and defendant in the exercise of the discretion reposed in the Court, ordered, considered and adjudged that the verdict of the jury herein rendered at this term and the judgment and order appointing commissioners and appraisers to allot and set apart to the defendant his homestead, be and the said verdict and judgment are

hereby rescinded and set aside, and this cause is continued for trial by jury."

I think there was error in allowing the motion. There can be no objection that the motion was made under sec. 274 of The Code, although it was made at the same term of the Court at which the verdict and judgment were rendered. *Quincey v. Perkins,* 76 N. C., 295. It is there said by the Court: "By sec. 133, C. C. P. (274 of The·Code), the Judge in his discretion may relieve a party from judgment, order or other proceeding taken against him through his surprise, etc., at any time in one year." Of course, therefore, he may do it at the term at which a verdict (for this is included in the term "other proceeding") is taken. By the way, it may be proper to remark that the word "verdict" itself has been added to sec. 274 of The Code, by chapter 81 of the Laws of 1893.

The finding of the fact by his Honor that the defendant had no notice of the present term of the Court is conclusive and can not be reviewed on the evidence in this Court. *Weil v. Woodard,* 104 N. C., 94. But the fact as found does not constitute excusable neglect, neither was the defendant excusable on the ground of surprise or mistake. Special terms of the Superior Curt are provided for by law for the purpose of enabling parties litigant to have their cases speedily tried; and of the sessions of such courts all suitors must take notice at their peril. It can be no sufficient excuse for relief against a judgment for the defendant to urge that he did not know of the term of the court at which judgment was rendered against him. "Parties to an action pending in court are fixed with notice of all motions and orders made at term." *Coor v. Smith,* 107 N. C., 430; *Stith v. Jones,* 119 N. C., 428.

But when the facts found by the Court do not constitute excusable neglect in law, there is no discretion in the trial

Judge to set aside a verdict and judgment on a motion for that purpose. *Marsh v. Griffin*, 123 N. C., 660; *Stith v. Jones, supra.*