STATE v. I. B. McLAMB AND JAMES RAYNOR.

(Filed 26 June, 1935.)

1. **Criminal Law I m—Order vacating judgment and ordering new trial is binding upon defendants failing to object to the order.**

   The valid discretionary order of the trial court vacating a judgment, setting aside the verdict and ordering a new trial, to which order defendants do not object, although present in court, is binding on defendants and is not subject to challenge by them upon the subsequent trial ordered, and evidence offered by them in support of their plea in abatement upon the subsequent trial tending to show that the order vacating the judgment was entered so that incriminating evidence of codefendants might be introduced upon such new trial, is properly excluded.

2. **Criminal Law K h: L c—During term all matters are in fieri, and court may vacate judgment although appeal had been taken.**

   During the term of court all matters before the court at the term are *in fieri*, and the court has the power during the term to vacate a judgment, set aside the verdict, and order a new trial, in his discretion, although an appeal had been taken by defendants from such judgment.

3. **Criminal Law F c—Judgment which has been vacated by discretionary order will not support a plea of former conviction.**

   Where the court in its discretion has vacated a judgment and set aside the verdict and ordered a new trial, a plea of former conviction entered upon the subsequent trial ordered is properly overruled, since the former judgment having been vacated, and the verdict set aside, there is nothing to support the plea.

4. **Bribery B b—**

   Evidence of defendants' guilt of bribing a witness to give false testimony *held* sufficient to support the verdict of the jury upon which defendants were sentenced to imprisonment in the State's Prison.

STACY, C. J., and BROGDEN, J., dissent.

APPEALS by defendants from *Sink, J.,* at August Special Term, 1934, of SCOTLAND. No error in either appeal.

At August Special Term, 1934, of the Superior Court of Scotland County, the following bill of indictment was duly returned by the grand jury as a true bill:

"NORTH CAROLINA—SCOTLAND COUNTY.

IN THE SUPERIOR COURT, AUGUST TERM, 1934.

"The jurors for the State, upon their oaths, present that Derwood Hicks, L. A. Hodges, I. B. McLamb, and James Raynor, late of the county of Scotland, on 5 May, 1933, with force and arms, at and in the county aforesaid, being persons of evil minds and dispositions, and seeking to defeat the ends of justice in the Superior Court of Scotland

County, by dishonest practices, in secrecy and with deceit and felonious intent to hinder, obstruct, delay, and defeat justice in the Superior Court of Scotland County, among themselves, unlawfully, wilfully, fraudulently, feloniously, deceitfully, and corruptly did combine, conspire, confederate, and agree together to bribe the said L. A. Hodges and Derwood Hicks to falsely testify in the Superior Court of Scotland County in a certain case in which the State of North Carolina was plaintiff and I. B. McLamb was defendant, with the felonious and fraudulent intent thereby to hinder, obstruct, delay, and defeat the ends of justice, and the orderly administration of the laws of the State of North Carolina, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State.

"Second count: The jurors for the State, upon their oaths, do further present that Derwood Hicks, L. A. Hodges, I. B. McLamb, and James Raynor, late of the county of Scotland, on 5 May, 1933, being persons of fraudulent minds and evil dispositions, and wickedly devising and intending to hinder, obstruct, delay, and defeat justice in the Superior Court of Scotland County, and in furtherance of an unlawful conspiracy among themselves to commit bribery and to defeat justice in the said county of Scotland, unlawfully, wilfully, feloniously, wickedly, fraudulently, and corruptly, the said James Raynor, acting for himself and as agent and attorney for the said I. B. McLamb, L. A. Hodges, and Derwood Hicks, did pay to the said L. A. Hodges and Derwood Hicks the sum of $500.00 in money, currency of the United States, the same being in denominations of twenty dollars bills, and the said L. A. Hodges and Derwood Hicks received the said $500.00 so delivered by the said James Raynor as a bribe, and the said money was delivered as aforesaid, and received as aforesaid for the purpose and in payment for false testimony by the said L. A. Hodges and Derwood Hicks on behalf of the said I. B. McLamb in a certain case pending in the Superior Court of Scotland County, wherein the State of North Carolina was plaintiff and I. B. McLamb was defendant, contrary to the form of the statutes in such cases made and provided and against the peace of the State."

Upon their arraignment on the foregoing indictment, the defendants I. B. McLamb and James Raynor, each for himself, entered a plea in writing as follows:

"The defendant, before pleading guilty or not guilty to the bill of indictment returned by the grand jury at the Special Term of the Superior Court of Scotland County, which convened on 20 August, 1934, in Laurinburg, North Carolina, enters the following plea in abatement:

"1. That at the March Term, 1934, of the Superior Court of Scotland County the defendant was tried, convicted, and sentenced on the following bill of indictment:

STATE *v.* McLAMB.

" 'STATE OF NORTH CAROLINA—SCOTLAND COUNTY.

SUPERIOR COURT, JUNE TERM, 1933.

" 'The jurors for the State, upon their oaths, present that I. B. Mc-Lamb, L. A. Hodges, Derwood Hicks, and James Raynor, late of the county of Scotland, on 5 May, 1933, with force and arms, at and in the county aforesaid, wilfully, unlawfully, feloniously, maliciously, and corruptly, did conspire and confederate together with the intent and purpose to hinder, obstruct, delay, and defeat the ends of justice and the orderly procedure of the Superior Court of Scotland County, in an action therein pending wherein the State of North Carolina was plaintiff and I. B. McLamb, Derwood Hicks, and L. A. Hodges were defendants, and did corruptly, in furtherance and in pursuance of said conspiracy of the said I. B. McLamb, did offer to pay and did pay as a bribe to said Derwood Hicks and L. A. Hodges the sum of $500.00 in money, and in return for said money and as an acceptance of said bribe the said Hicks and Hodges agreed to and did falsely testify as witnesses in said case in said court on behalf of the said McLamb, and the said James Raynor, in pursuance of said unlawful conspiracy, did feloniously deliver and pay for the said McLamb to the said Hodges and Hicks the said sum of $500.00 in money for the purpose of and with the intent of bribing the said Hodges and Hicks and with the further intent of hindering, delaying, obstructing, and defeating the orderly procedure of justice in said court, against the form of the statute in such case made and provided and against the peace and dignity of the State.'          •

"2. That from the judgment upon the verdict therein the defendant appealed to the Supreme Court of North Carolina; that entry of appeal was made and appearance bond was fixed by the court; that the said appearance bond was duly executed and filed with the clerk and said defendant was discharged from custody; that the appeal of the defendant from said judgment was perfected, and thereafter a statement of the case on appeal was duly served on the solicitor for the State of the Thirteenth Judicial District, as required by law, and the same is now pending in the Supreme Court.

"3. That after the said appeal had been entered the court, of its own motion, ordered that the judgment be vacated and that the verdict of the jury be set aside and that a new trial be had.

"4. That the court was without power to vacate the said judgment and set aside the said verdict after appeal from the said judgment, and to direct a new trial for that said appeal stopped all further proceedings in the Superior Court, and the defendant objects and excepts to any further proceedings in said court.

"5. That the bill of indictment to which the defendant now pleads charges the same crimes· and is based upon the same facts, conditions, and circumstances as the said bill of indictment upon which the defendant was tried, convicted, and sentenced at the March Term, 1934, of the Superior Court of Scotland County.

"6. That the defendant now pleads to the bill of indictment returned by the grand jury at the Special Term, 1934, of the Superior Court of Scotland County, former jeopardy, trial, conviction, and sentence at the March Term, 1934, of the Superior Court of Scotland County, upon the same or a similar bill of indictment, based upon the same facts, conditions, and circumstances."

The record of the trial at March Term, 1934, of the Superior Court of Scotland County of the defendants in this action on the indictment referred to and made a part of said plea was submitted to the court for its inspection. This record shows that upon their arraignment on said indictment, the defendants I. B. McLamb and James Raynor each entered a plea of not guilty; that the jury duly returned a verdict of guilty as to each defendant; that on said verdicts there were judgments that each defendant be confined in the State's Prison at Raleigh, N. C., for a term of not less than five or more than seven years, and that he be assigned to work on the highways of the State, as provided by law; that upon the coming in of the verdicts, each defendant moved that the verdict against him be set aside and that a new trial be ordered, for errors assigned or to be assigned in the trial, and that each defendant excepted to the refusal of the court to allow his motion; and that each defendant excepted to the judgment against him, and gave notice in open court of his appeal to the Supreme Court. After such notice, the court adjudged that an appeal bond in the sum of $50.00 and an appearance bond in the sum of $3,000 for each defendant was sufficient. These bonds were given by each defendant, and both defendants were thereupon discharged from custody, during the pendency of his appeal to the Supreme Court.

The record further shows that on a subsequent day during said March Term, 1934, after notice to each of said defendants, in their presence and in the presence of their counsel, the court, in its discretion and of its own motion, ordered that the judgment against each of said defendants be and the same was vacated; that the verdict of guilty as to each of said defendants be and the same was set aside; and that a new trial be had as to each of said defendants on said indictment at the next term of the court. Each defendant was required by the court to give and did give a bond for his appearance at the next term of the court, the defendant I. B. McLamb in the sum of $7,000, and the defendant James Raynor in the sum of $6,000. Neither of the defendants excepted

to or appealed from said order. Both defendants, upon giving the said appearance bonds, were discharged from further attendance upon said term of court.

In support of their several pleas in abatement and of former jeopardy, the defendants offered to introduce evidence tending to show that at March Term, 1934, of the Superior Court of Scotland County, L. A. Hodges and Derwood Hicks were tried together with the defendants on the indictment referred to and made a part of the several pleas, and that both the said L. A. Hodges and the said Derwood Hicks, upon their arraignment on said indictment, entered pleas of not guilty; that both the said L. A. Hodges and the said Derwood Hicks were convicted by the jury at said trial, and were sentenced by the court to imprisonment in the State's Prison, at Raleigh, N. C., each for a term of not less than five or more than seven years; that after they were convicted and sentenced at said term, and while they were in the custody of the sheriff of Scotland County, awaiting their transfer to the State's Prison, both the said L. A. Hodges and the said Derwood Hicks sought a conference with the judge who had presided at said trial, and that said conference was granted by the judge; and that at said conference the said L. A. Hodges and the said Derwood Hicks each made a statement to the judge, which was reduced to writing and signed by the said L. A. Hodges and the said Derwood Hicks. These statements were confessions by the said L. A. Hodges and the said Derwood Hicks each of his guilt of the crimes charged in said indictment, and tended to show that both the defendants in this action were also guilty of said crimes. The defendant contended that it was in consequence of these statements that the judge made the orders in the action vacating the judgments and setting aside the verdicts against these defendants, and that said orders were made in order that at a new trial of these defendants the testimony of L. A. Hodges and Derwood Hicks might be available to the State as evidence against these defendants.

The defendants further offered evidence tending to show that at the time he made the orders vacating the judgments and setting aside the verdicts against these defendants at the March Term, 1934, of the Superior Court of Scotland County, the judge made certain statements to counsel for these defendants as to his purpose in making said orders.

The court declined to hear the evidence which the defendants offered to introduce, and the defendants each excepted.

The court thereupon found from the record of the trial of the defendants at March Term, 1934, of the Superior Court of Scotland County that the defendants I. B. McLamb and James Raynor, with their counsel, were both present in court when the orders vacating the judgments

and setting aside the verdicts against said defendants were entered at said March Term, and that neither of said defendants then objected or excepted to said orders, but that both defendants complied with the terms of said orders, and thereby acquiesced in the same.

On these facts, the court was of opinion that the orders entered at the March Term, 1934, of the Superior Court of Scotland County vacating the judgments and setting aside the verdicts against these defendants at said term were made in the lawful exercise of power vested in the court at said term, and accordingly denied the defendants' pleas in abatement of this action, and of former conviction. Each of the defendants excepted to the denial of his plea.

The court then ordered that a plea of not guilty be entered as to each defendant.

At the trial evidence was offered by the State tending to show that both the defendants are guilty as charged in the indictment. The defendant I. B. McLamb offered evidence tending to contradict the evidence for the State, and to support his plea of not guilty. No evidence was offered by the defendant James Raynor.

The jury returned a verdict of guilty as to each defendant.

From judgments that the defendants be confined in the State's Prison at Raleigh, N. C., the defendant I. B. McLamb for a term of not less than six or more than ten years, and the defendant James Raynor for a term of not less than five or more than seven years, each to be assigned to work on the State Highways, as provided by law, the defendants appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Ezra Parker, Canady & Wood, E. H. Gibson, and McLean & Stacy for defendant I. B. McLamb.*

*L. L. Levinson for defendant James Raynor.*

CONNOR, J. There was no error in the refusal of the judge presiding at the trial of this action at the August Special Term, 1934, of the Superior Court of Scotland County to hear evidence which the defendants offered to introduce in support of their pleas in abatement and of former conviction, tending to show statements made by the judge presiding at the March Term, 1934, of said court to counsel for the defendants as to his purpose in making the orders vacating the judgments and setting aside the verdicts against the defendants at said term. Nor was there error in the refusal of the judge to hear evidence tending to show that said orders were made, as contended by the defendants, in conse-

quence of statements made by L. A. Hodges and Derwood Hicks, after the judgments had been rendered, and the verdicts returned against the defendants, at said March Term, 1934. The record shows that the orders were made by the judge at said March Term in his discretion, and that neither of the defendants, both of whom were present in court with their counsel, objected or excepted to said orders. Unless the orders vacating the judgments and setting aside the verdicts at the March Term, 1934, of the court are void for the reason that the judge was without power to make them, the said orders are binding on the defendants, and were not subject to challenge by the defendants at the August Special Term, 1934, of the court.

In *Allison v. Whittier*, 101 N. C., 490, 8 S. E., 338, it is said by *Smith, C. J.*: "It is a settled rule that the court retains control of cases pending at any term for its actions, and may recall, reverse, or modify anything done previously before its close. Until its termination everything is *in fieri*, and this liability to correction or revocation underlies any action it may have taken in the cause. It involves an exercise of discretion unrestrained by what may have been previously done, and its efficacy depends alone upon the legal capacity of the judge to do the act, and this alone is open to an inquiry in the reviewing Court. Of this litigants and counsel are required to take notice, and nothing is beyond recall until the session ends with the completion of its business. In the language of this Court in *Branch v. Walker*, 92 N. C., 87, spoken in reference to the power of a presiding judge, 'the action was not ended when the judgment was entered. The record stood open for motions like the one before us, and other motions that might be made.' "

In *S. v. Chestnutt*, 126 N. C., 1121, 36 S. E., 278, it is said by *Faircloth, C. J.*: "A court has power during the term to correct, modify, or recall an unexecuted judgment in either criminal or civil cases. *S. v. Warren*, 92 N. C., 825. The proceedings of a court are *in fieri* until the close of a term, and the judge may modify or vacate any order made during the term, and his action is not reviewable unless it appears that he has grossly abused his power, resulting in oppression. This is not only the rule, but it is reasonable and often corrects mistakes made without full information. We think it common practice after verdict and judgment in criminal cases to change the judgment as may seem just to the court. *Allison v. Whittier*, 101 N. C., 490; *Gwinn v. Parker*, 119 N. C., 19. These authorities refer to the power and control of the court over its own judgments."

Under these authorities, the judge presiding at the March Term, 1934, of the Superior Court of Scotland County, had the power, in the exercise of his discretion, to make the orders vacating the judgment and

setting aside the verdicts against the defendants at said term, and granting the defendants a new trial at the next term of the court.

There was no error in the refusal of the judge at the August Special Term, 1934, of the Superior Court to sustain the defendants' pleas in abatement and of former conviction at the March Term, 1934, of said court.

In *S. v. Lee et al.*, 114 N. C., 845, 19 S. E., 375, the defendants were convicted at December Term, 1893, of the Superior Court of Forsyth County of an attempt to burn a dwelling-house. After the verdict and judgment, the defendants moved in arrest of the judgment. The judge, in his discretion, vacated the judgment, set aside the verdict, and ordered a new trial. A new bill of indictment was sent by the solicitor for the State to the grand jury, and was returned a true bill. The defendants were then tried and convicted on the new indictment. On their appeal to this Court from the judgment it was said by *Clark, C. J.:* "As to the plea of former conviction, the former verdict was against the defendants, and having been set aside in the discretion of the court, nothing remains to support the plea of former conviction."

The evidence for the State at the trial of this action tended to show that during the May Term, 1933, of the Superior Court of Scotland County, the defendant James Raynor delivered to L. A. Hodges and Derwood Hicks the sum of $500.00 as a bribe for false testimony given by them in behalf of the defendant I. B. McLamb, who was tried at said term of court on an indictment charging him with feloniously receiving stolen property knowing the same to have been stolen; and that the said sum of $500.00 was delivered to the said James Raynor by the said I. B. McLamb for the purpose of bribing the said L. A. Hodges and the said Derwood Hicks, in pursuance of a conspiracy theretofore entered into by the said L. A. Hodges, Derwood Hicks, James Raynor, and I. B. McLamb. This evidence, together with evidence offered by the defendant I. B. McLamb tending to contradict the evidence of the State against him, was submitted to the jury, and was sufficient to support the verdict on which the defendants were sentenced to imprisonment in the State's Prison.

We find no error in the trial. The judgments are affirmed.

No error.

STACY, C. J., and BROGDEN, J., dissent.