STATE OF NORTH CAROLINA v. LEONARD H. CUTSHALL

No. 53

(Filed 16 June 1972)

**1. Jury § 2— jurors drawn from another county — discretion of court**

Where there had been two prior trials and widespread publicity of this first degree murder case, the trial court acted within its discretion in allowing the State's motion that the jury be drawn from another county. G.S. 9-12.

**2. Jury § 5— jury selection**

The trial court in this first degree murder prosecution did not err in ordering that the jury be selected by the "whole panel" method.

**3. Criminal Law § 153— motion to set aside verdict — appeal pending**

The trial judge properly held that he was without jurisdiction to hear defendant's motion to set aside the verdict and for a new trial based upon the method of drawing and summoning jurors from another county which was made before the trial judge in his office after defendant had given notice of appeal and court had adjourned.

APPEAL by defendant from *Grist, J.,* September 27, 1971 Criminal Session, MADISON Superior Court.

The defendant, Leonard H. Cutshall, by bill of indictment, proper in form, was charged with the first degree murder of Richard Jack Reeves. The offense occurred in Madison County on January 30, 1970.

The defendant entered a plea of not guilty at his arraignment during the May 25, 1970 Criminal Session, Madison Superior Court. A jury was selected and empaneled. Both the State and the defendant introduced evidence. Before verdict, however, the presiding judge was advised that one of the jurors

had been approached about the case. He conducted a hearing, found facts, and based thereon, adjudged the defendant had tampered with a juror. Thereupon, he withdrew the juror from the panel, declared a mistrial, and continued the case for the term.

At the September 1970 Criminal Session, Judge McLean ordered a special venire from the adjoining County of Buncombe for the trial of the case. At the conclusion of the trial the jury returned a verdict finding the defendant guilty of murder in the first degree and recommended his punishment be imprisonment for life. From the verdict and judgment the defendant appealed.

This Court in an opinion reported in 278 N.C. 334, 180 S.E. 2d 745, reviewed the trial in detail, summarized the material evidence both for the State and the defendant, and ordered a new trial upon the ground the State was erroneously permitted to offer evidence impeaching the testimony of a defense witness on a collateral matter.

At the new trial the court, on the ground of widespread publicity, ordered a special venire from Avery County. The officers of Avery County, in the short time allowed, had difficulty in locating and serving the veniremen whose names were drawn from the jury box. When it appeared that the venire ordered might not be filled from the members summoned from Avery County, the court entered an additional writ directing a venire of twenty-five men be drawn from Mitchell County.

The court ordered that the selection of the jury be made in the manner approved by this Court in *State v. McNeil*, 277 N.C. 162, 176 S.E. 2d 732, and *State v. Perry*, 277 N.C. 174, 176 S.E. 2d 729. The twelve regular jurors were selected from the Avery County list. Four alternate jurors were selected from the Mitchell County venire. The alternates, however, were excused after the evidence and the court's charge. The alternates did not participate in the verdict.

The State's evidence at the trial now under review was essentially the same as the competent evidence offered at the previous trial and summarized in this Court's opinion on the first review.

The defendant's evidence was also essentially the same as that summarized in this Court's opinion, with this exception:

He offered the testimony of additional witnesses tending to support his alibi. The defendant did not testify in either trial.

After the argument and the charge, the court excused the alternate jurors and the twelve regulars (all from Avery County) returned into court a verdict finding the defendant guilty of murder in the first degree and recommended life imprisonment. From the judgment according to the jury's finding and recommendation, the defendant appealed, assigning errors.

*Robert Morgan, Attorney General, by Edwin M. Speas, Jr., Associate Attorney, for the State.*

*Ronald W. Howell Attorney for defendant.*

HIGGINS, Justice.

The Court is now reviewing a case in which the evidence has been heard by three juries. The first jury was discharged by the trial judge before verdict, upon a finding that the defendant had tampered with one of the jurors. At the next term a jury summoned from Buncombe County heard the evidence, returned a verdict finding the defendant guilty, and recommended his punishment be imprisonment for life. This Court granted a new trial because of error in permitting the State to impeach a defendant's witness by showing he had made contradictory statements on a collateral matter. This Court is now conducting its second review. The former opinion settled all except a few new questions which arose at the last trial.

The record of the case on appeal contains three hundred and seventy-five pages. The defendant entered three hundred and fifty-six exceptions and brings them here for review under forty-three assignments of error.

The evidence, in short summary, disclosed that about 11:30 p.m. on January 30, 1970, Blanche Gentry Cutshall, the divorced wife of the defendant Leonard H. Cutshall, had been to Greeneville, Tennessee, with her friend, the deceased Richard Jack Reeves. The two were riding in the Ford automobile owned by the deceased but being driven by the witness. The deceased was on the passenger side of the front seat. As the witness and the deceased approached the home of the deceased, the witness observed that the lights of an automobile had been following them for some distance. She stopped on the side of the road,

the following car (a 1964 black Oldsmobile) drove alongside, and the driver who was alone in the Oldsmobile fired a number of gunshots, killing Reeves instantly. The automobile sped away. The witness identified the defendant as the lone occupant of the Oldsmobile and the one who fired the fatal shots. The pathologist testified that death was caused by gunshot wounds. The corroborating evidence disclosed the defendant owned a 1964 black Oldsmobile and a repeating rifle of the caliber matching the bullets found in the Ford automobile and the empty shells found beside it which apparently were ejected as the shots were fired.

Only three persons were at the scene—the witness, the deceased, and the defendant. The witness gave evidence clearly identifying the accused as having fired the fatal shots. The defendant did not testify. He did, however, offer two or three additional witnesses not heard in the former trials whose evidence tended, albeit somewhat loosely, to corroborate his evidence of alibi.

Although many exceptions and assignments of error were entered, the defendant simplifies our task by the two concluding sentences from his lengthy brief. "If the evidence for the State is taken as true and all inconsistencies resolved in its favor, then there would obviously be enough evidence to go to the jury. The defendant does contend, however, that the errors herein above discussed with respect to the admission of the evidence, and the selection of the jury constitute prejudicial error and demand that the defendant be given a new trial."

[1, 2] Due to the prior trials and the widespread publicity, the court on motion of the State was justified in ordering the trial jury drawn from another county. G.S. 9-12. So the writ of *venire facias* to Avery County was within the sound discretion of the trial judge. *State v. Blackmon,* 280 N.C. 42, 185 S.E. 2d 123; *State v. Childs,* 269 N.C. 307, 152 S.E. 2d 453. The court ordered the "whole panel" method of selecting the jury. The defendant's objections thereto are not sustained. *State v. Atkinson,* 278 N.C. 168, 179 S.E. 2d 410; *State v. McNeil, supra; State v. Perry, supra.*

[3] The trial jury was selected, empaneled, heard the evidence, the argument, the court's charge, returned its verdict, and was discharged. The court imposed judgment, the defendant gave

notice of appeal, and the court adjourned. Thereafter, defense counsel attempted to raise some question with respect to the method of drawing and summoning the jurors from Avery County. The defense counsel filed affidavits and moved before the trial judge at his office in Charlotte that the verdict be set aside and a new trial be ordered. Judge Grist held, and we think properly so, that he was without jurisdiction to hear the motion. *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241; *State v. Grundler,* 251 N.C. 177, 111 S.E. 2d 1; *State v. Arthur,* 244 N.C. 586, 94 S.E. 2d 648; *State v. McLamb,* 208 N.C. 378, 180 S.E. 586.

We have examined the court's rulings on evidence and the charge to the jury. Nowhere do we find any ground which would justify another trial.

No error.